GAYNOR, J. (concurring). I concur, but not in the suggestion or implication that there is a rule that if a witness who is not a party be asked on cross-examination if he made a certain statement contradictory of his present evidence the question must include time and place to be allowed. There is no such rule. On the contrary, he may be asked if he ever made the statement. Wider latitude than this is allowed on cross-examination. The case of Ruemer v. Clark which is cited only asserts the familiar rule that you may prove material declarations of a "party" without first asking him if he ever made them. It is trite that the material declarations of a party are competent and may be proved in any way. The other case cited, Blossom v. Barrett, only deals with the same rule. There the defendant had testified that he was worth only $17,000, and on cross-examination he was asked if he did not tell one Randall that he was worth $70,000, and the question was properly allowed, though no time or place was mentioned. There is a rule, however, in the trial of causes that if a witness who is not a party be asked on cross-examination if he did not make a certain statement which is contradictory of his present evidence, oral evidence to contradict his negative answer may not be allowed, especially if the witness has departed court, unless the question to him included time and place, if possible; and the witness being thus contradicted is often recalled to have this omission supplied when it is made the basis of an objection. But this rule is one of order and discretion in the trial of causes, and it is hard to conceive of a case of departure from it that would be considered on appeal at all.

---

### SMITH v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

CARRIERS (§ 328*)—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE.

> One who, in attempting to board a train of an elevated railroad, stepped into the space between the station platform and the platform of the car, seven to thirteen inches wide, the place being well lighted, and not crowded, and the person having plenty of time, was guilty of contributory negligence; it being matter of common knowledge that there is a space between car and station platforms on all railroads, and the passenger having no right to assume there was no such space.
>
> [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1367; Dec. Dig. § 328.*]

Appeal from Kings County Court.

Action by Ella Smith against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

D. A. Marsh, for appellant.

Adolph Ruger (George O. Redington, on the brief), for respondent.

---

RICH, J.  The exception to the refusal of the trial court to dismiss the complaint, upon the ground that there was no proof of freedom from negligence on the part of the plaintiff, presents the only question here for our consideration.

The plaintiff was injured at the Park Row elevated station of the defendant in attempting to board one of its trains. She was injured by stepping into the space between the station platform and the platform of the car which she attempted to board. The width of this space is not established as the result of measurement, but is stated by the different witnesses as being from 7 to 13 inches. The sole negligence charged in the complaint is that the car was constructed in such a manner as to leave this space between it and the station platform. There is no proof that the station platform was not constructed in the ordinary way, nor that the space between it and the car platform was any greater than the necessities of the operation of the road required, nor that the car which plaintiff attempted to board was constructed in any different manner from the other cars used by the defendant. The accident occurred between 20 minutes past and half past 7 in the evening. The station platform was well lighted, and it is not contended that the plaintiff could not have distinctly seen the space between the two platforms had she looked. She testified:

"I did not as I was getting on look down to see if there was any space, because I did not know there was a space there. I was in no hurry, I had plenty of time. There was nobody by me at all. I was not looking for that hole there, I did not know it was there. If I had looked down to see where I was stepping, there was not anything in the way between my eyes and this hole to prevent me seeing the hole. There was nothing in the way. * * * I simply walked along, and did not think anything about any hole between the platform of the car and the station platform. * * * There was no rush or crush of any kind. * * * I know there was nobody pushed me or touched me that caused me to fall. * * * I was not hurrying in any way—in the ordinary way, walking along."

It appears in evidence that no one else stepped into the space. Other passengers found no difficulty. The plaintiff alone, paying no attention to her steps or where she was going, went blindly into the opening. If she had exercised any care, there is no reason to suppose that her safety would have been endangered. It is a matter of common knowledge that there is a space between car and station platforms on all railroads. The plaintiff contends that she had the right to assume that no such space existed between the station and car platforms, and was justified in attempting to board the car "in exactly the manner she did." The authorities cited do not sustain this proposition. The accident in the case at bar was not caused by any defect in the station platform, or obstruction, or the failure to properly light it. In Boyce v. Manhattan Railway Co., 118 N. Y. 314, 23 N. E. 304, there was evidence that the station was unlighted, and so dark that the hole into which plaintiff stepped could not be seen. In Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424, 2 Am. Rep. 459, there was a sidewalk in which was an open and unguarded coal hole, into which plaintiff fell. The dangerous condition existed in the walk itself. In Carpenter v. Boston & Albany R. R. Co., 97 N. Y. 494, 49 Am. Rep. 540, plaintiff was injured while standing on the station plat-

form by being struck by a full mail bag thrown from a passing train. In Ayres v. Delaware, L. & W. R. R. Co., 158 N. Y. 254, 53 N. E. 22, the station platform was unlighted, and plaintiff fell over a mail-bag. Here the space would have been disclosed by a mere glance. The plaintiff had plenty of time in which to board the car. There was no pushing or crowding, and I think she was guilty of contributory negligence as matter of law.

Judgment and order reversed, and a new trial ordered, costs to abide the event. All concur.