HENRY W. SPECHT, as Administrator of the Estate of
MAGDALENA SPECHT, Deceased, Respondent, *v.* WATER-
BURY COMPANY, Appellant.

Negligence — action for death of child by burning, whose cloth-
ing was ignited by fire alleged to have been negligently built, or
maintained, by employees of defendant — insufficiency of evi-
dence to support judgment for plaintiff — inconsistent verdict on
question of contributory negligence.

1. In an action for the death of a child, six years of age, the
defendant company was charged with negligence in kindling a fire
on a vacant lot near its factory, from the flames of which the
clothing of deceased became ignited, resulting in injuries from
which she died. It appears, among other things, that an employee
of the defendant had been accustomed to carry rubbish from the
factory to the lot in question and burn it there. The children of
the neighborhood used the lot as a playground and on the morn-
ing of the accident the deceased, with other children, was playing
there. When the witnesses for plaintiff first noticed her she was
coming from the direction of a fire, in another part of the lot, with
her dress burning. *Held*, upon examination of the record, that
there was no evidence sufficient to charge defendant with having
lighted or maintained the fire, nor was there evidence from which
an inference might be drawn as to how deceased came to be set on
fire, or as to how far her conduct might have been responsible for
the accident.

2. Upon the subject of contributory negligence the court charged,
at the request of the defendant, "That if the jury find that the
little girl was capable of appreciating the dangers of a blazing fire,
and that she nevertheless went so near that she was burned, the
little girl was guilty of contributory negligence," also "that if the
jury find that the little girl was not capable of appreciating the
dangers of a fire, or was not capable of a proper degree of care with
respect to approaching the fire, the parents of the child were guilty
of contributory negligence in allowing her to frequent the spot
where they knew the fires were frequently burned." The jury
found for the plaintiff and the trial court denied defendant's motion
to set aside the verdict and for a new trial upon the grounds speci-
fied in the statute. (Code Civ. Pro. § 999.) *Held*, that the verdict

was contrary to one or the other of the instructions of the court, upon the question of contributory negligence, that the verdict had no legal basis and that it should have been set aside.

*Specht* v. *Waterbury Co.*, 151 App. Div. 924, reversed.

(Submitted April 24, 1913; decided May 13, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 11, 1912, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Capron Marsh* for appellant. The motion to dismiss the complaint for failure of proof should have been granted. There is no proof that the child was burned by a fire which defendant's agent either lit or fed. (*Ruppert* v. *B. H. R. R. Co.*, 154 N.Y. 90; *People* v. *Kennedy*, 32 N. Y. 141; *People* v. *Harris*, 136 N. Y. 429; *Nelson* v. *City of New York*, 101 App. Div. 18, 20; *Clarke* v. *Koeppel*, 119 App. Div. 458; *Searles* v. *Manhattan Ry. Co.*, 101 N. Y. 661; *Craig* v. *Laflin & Rand Powder Co.*, 55 App. Div. 49; *Babcock* v. *F. T. R. Co.*, 140 N. Y. 308.) There is an entire lack of evidence that the child who was burned exercised any care whatever. Without such proof the court should have nonsuited the plaintiff. (*Reynolds* v. *N. Y. Central R. R. Co.*, 58 N. Y. 248; *Flood* v. *Buffalo, N. Y. & Phila. R. R. Co.*, 23 Wkly. Dig. 501; *Ardolino* v. *Reinhardt*, 130 App. Div. 119; *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 420; *Weiss* v. *Met. St. Ry. Co.*, 33 App. Div. 221; *Serano* v. *N. Y. C. & H. R. R. R. Co.*, 188 N. Y. 156; *Stone* v. *Dry Dock, etc., R. R. Co.*, 115 N. Y. 104; *Costello* v. *Third Ave. R. R. Co.*, 161 N. Y. 324; *Buscher* v. *N. Y. Transp. Co.*, 114 App. Div. 85; *Atchison* v. *United Traction Co.*, 90 App. Div. 571.) There was contributory negligence on the part of its parents which

is to be imputed to the child if it was *non sui juris.* Certainly if the defendant was negligent in burning fires where childern played, the children, if *sui juris,* were negligent in playing where the fires burned, and if the children were incapable of realizing the danger, then their parents were negligent in . deliberately sending them there to play. (*Ardolino* v. *Reinhardt,* 130 App. Div. 119; *Albert* v. *Albany Ry. Co.,* 5 App. Div. 544; *Canavan* v. *Stuyvesant,* 12 Misc. Rep. 74; *Lowery* v. *N. Y. Ice Co.,* 26 Misc. Rep. 163; *Foley* v. *N. Y. C. & H. R. R. R. Co.,* 78· Hun, 248; *Feehan* v. *Dobson,* 10 Penn. Super. Ct. 6.) The verdict was contrary to the court's instructions and must, therefore, be set aside. (*Sweetman* v. *Prince,* 62 Barb. 256; *Kaplan* v. *Shapiro,* 53 Misc. Rep. 606; Baylies on New Trials and Appeals [2d ed.], 542; *Wood* v. *Belden,* 54 N. Y. 658; *Calvin* v. *O'Rourke Eng. & Cons. Co.,* 116 N. Y. Supp. 652; *Goetze* v. *Dunphy,* 2 N. Y. Supp. 854; *Wangler* v. *Swift,* 90 N. Y. 44, 45; *Marks* v. *R. R. Co.,* 146 N. Y. 181; *Buckley* v. *G. P. & R. M. Co.,* 113 N. Y. 543; *Impellizzieri* v. *Cranford Co.,* 141 App. Div. 755; *Hammond* v. *Union Bag & P. Co.,* 136 App. Div. 100; *Bovi* v. *Hess,* 123 App. Div. 389; *Logerto* v. *Central Bldg. Co.,* 198 N. Y. 390; *McManus* v. *St. Regis Paper Co.,* 107 App. Div. 29; *Benjamin* v. *Village of Tupper Lake,* 110 App. Div. 426.)

*Hugo Hirsh* and *Benjamin Reass* for respondent. The defendant was guilty of reckless conduct amounting to gross negligence. (*Walsh* v. *Fitchburg R. R. Co.,* 145 N. Y. 301; *Earl* v. *Crouch,* 16 N. Y. Supp. 770; *Jouasch* v. *Standard Gas Light Co.,* 4 N. Y. Supp. 542.) The negligence of the defendant in building a fire on a vacant lot within a few feet of a street, and feeding such fire with oily and highly inflammable substances; the negligence of the deceased — to whatever extent she could have been negligent by reason of her age — and the negligence of her parents, were questions purely for the

jury. (*Travell* v. *Bannerman*, 174 N. Y. 50; *Thurber* v. *Harlem B., M. & F. R. R. Co.*, 60 N. Y. 326; *Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 290; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 248; *Heycroft* v. *L. S. & M. S. R. Co.*, 2 Hun, 489; 64 N. Y. 636; *Kennedy* v. *Hills Bros. Co.*, 54 App. Div. 29; *Birkett* v. *Ice Co.*, 110 N. Y. 504; *Huerzeler* v. *R. R. Co.*, 139 N. Y. 490; *McGarry* v. *Loomis*, 63 N. Y. 107; *Adams* v. *Metropolitan Ry. Co.*, 60 App. Div. 188; *Kunz* v. *City of Troy*, 104 N. Y. 344.)

GRAY, J. This action was brought to recover damages of the defendant for having caused the death of the plaintiff's intestate. She was the plaintiff's daughter, at the time in the sixth year of her age, and the complaint charged the defendant with negligence in the kindling of a fire on a vacant plot of land, from the flames of which the clothing of the child became ignited. The plaintiff recovered a verdict and the affirmance of the judgment entered thereupon, at the Appellate Division, was by a divided vote of the justices.

It appears that a factory of the defendant was in the vicinity of some vacant and uninclosed lots of land, and that an employé had been accustomed to make deposits there of rubbish and to destroy them by fire. At about ten o'clock in the morning of the day upon which the accident happened, the little girl was seen with her clothing on fire; but the witnesses who testified to the fact were unable to state how it had happened. The evidence for the plaintiff, perhaps, was sufficient to warrant an inference that she was set afire by contact with the flames of some fire burning upon the vacant land. This vacant land was resorted to by children and used as their playground. The accident had happened some six years before the trial and Freda Rollman, a girl of thirteen years of age at the time of its occurrence, was called as a witness for the plaintiff

and testified to having been playing there with a companion of about her own age. She said she had seen fires there frequently, which were kindled by some one from the defendant's factory, in order to burn up rubbish, which they had brought over and dumped on the ground. This rubbish would contain pieces of copper wire, which the children would try to pick out. Upon the morning in question, the witness was occupied in that way, with her back to a fire in the lot, when the deceased appeared, coming from the direction of the fire and holding a piece of wire, and asked if it was copper wire. Her dress was then on fire; but, as the witness' back had been turned to the fire, she could not state how it had happened. She had not noticed whether, when she came there that morning, a fire was burning, or not, and she did not see who, afterwards, started one. She said, however, that "after it was lit, I saw the man from the factory bring stuff over from the factory and put it on the fire." Upon being cross-examined, after having testified to the "dumping of this stuff on the fire almost every day" and to seeing the man do it on this particular day, she was asked this question: "And your recollection is based on the fact that you always used to see him do it every day, and therefore, of course, he did it that day, is that correct?" To this the witness answered, "Yes. * * * I don't know who set this fire. I can't recollect how long after the Waterbury Company had dumped the last load on the fire I saw the fire begin. * * * I got to the lots around eight o'clock, and the fire occurred between half past nine and ten, when the little girl was burned, and I saw him make several trips back and forth during that time. I don't know how long the fire had been burning when this little girl was burned; I can't recollect that either." Upon being recalled by the plaintiff, the witness testified that she remembered "personally that there was a fire on this particular day when this child was burned." The

only persons around, or near the fire, she says, were herself, her companion and the deceased.    There was no other testimony adduced by the plaintiff with respect to the starting of the fire than that which was given by this witness.    The parents of the deceased resided in the neighborhood of this vacant land and her father testified to knowing of its use by his child as a playground, and that fires were burning there every day.    He said he never spoke to her about them.    On behalf of the defendant, a witness, Faldermeyer, testified to having been in its employment at the time of the accident and that it had been a part of his duty to deposit rubbish upon this vacant land and to burn it.    He testified that he was forbidden to set fire to any rubbish on a windy day and he was positive that, on the day in question, he neither set fire to any rubbish, nor deposited any of it upon any burning dump.    He said he had not seen any fire that day in the lots and that what rubbish he had carried from the factory was dumped before eight o'clock in the morning.    Another witness, Louise Howard, a young woman eighteen years old, who was playing in company with Freda Rollman, the plaintiff's witness, at the time of the accident, testified that she was picking wire and, while so engaged, the deceased had come over to them with the back of her skirts on fire.    The witness testified to seeing Faldermeyer bring rubbish to the lot and corroborated his statement that he did not bring any after eight o'clock.    She testified that " there was no fire burning on the lot the last time I saw Frank Faldermeyer there, on the day of the accident.    It was about an hour and a half after Faldermeyer left the lot that I first saw a fire.    In other words, just a few minutes before this little girl was burned, the little boys came over to an old man that I was sitting by and asked the old man for a match, and the old man gave the boys a match and the boys went over and more I did not see.    At the time the boys asked the old man for the matches, there was no fire

burning on the lot. About fifteen minutes after, I saw the fire burning and then I went over with Freda Rollman to a point near the fire and began helping her to pick coke." She said that she had seen the boys put fire in their cans and run around with the cans in their hands. The witness could not state how the deceased had met with her accident; because her back, like Freda Rollman's, was turned in the direction from which she came and it was only when she appeared before them that they perceived her dress to be on fire. This testimony of the witness was not shaken. She was positive in her statement "that Frank Faldermeyer never set any fire that day and did not dump any stuff on that lot after the fire was started." Another witness for the defendant, who had been in its employment at the time, testified to having seen some little boys start a fire in these lots with some sticks that they had gotten together.

I think that the plaintiff failed to establish his cause of action and that it was error to deny the defendant's motion to dismiss the complaint. On the plaintiff's case, it had not been shown that the defendant's servant had lighted the fire and, if we might assume that he dumped rubbish upon some fire already kindled, thus maintaining it, and that, in that way, the defendant was chargeable with negligence, there was absolutely no evidence showing how the deceased came to be set on fire. Notwithstanding that she may have been *non sui juris*, the defendant was entitled to have it appear that she had acted with such care as was commensurate with a child of her age. According to the plaintiff his daughter was a bright, intelligent child and while, in the case of the death of an injured person, less evidence is required upon the question of freedom from contributory negligence, nevertheless, evidence of facts cannot be wholly dispensed with, upon which an inference might rest that the deceased was, fairly, free from fault. (*Wendell* v. *N. Y. C. & H. R. R. R. Co.,* 91 N. Y. 420.) If her own negligent

conduct occasioned her injury, then the negligence was imputable to her parents, if she was *non sui juris;* for they were aware of the possible danger of allowing her to resort to this open playground and had done nothing to warn her. There was nothing upon the subject of the happening of this accident, from which the slightest inference might be drawn as to how far the child's conduct may have been responsible for it, or how far other causes existed for it than negligence of the defendant's servants. At the close of all of the evidence, it became more evident that it was wholly a matter of conjecture whether the fire, from which the deceased received her injuries, was lighted by someone from the defendant's factory, or by some of the little boys who were playing in the lots. As against the very positive testimony given by Louise Howard and by Faldermayer, the evidence of Freda Rollman was entitled to little, if any, weight. She did not know who had lighted the fire and the most favorable view of her testimony for the plaintiff would be that a servant of the defendant had dumped rubbish, and had maintained a fire which had been started. As to that, however, the witness could not recollect how long, after the last load had been dumped, the fire began. Nor was anything supplied from the defendant's evidence, which helped out the defect in plaintiff's proof upon the subject of the conduct of the deceased and of the cause of her dress being set afire. The circumstantial evidence, upon which the plaintiff's case depended to fix responsibility upon the defendant for the accident to the deceased, was inconclusive. It was not of a nature to exclude other sources of the cause of her injury. The fire, which was the primary cause of the injury, came from one of three possible sources; for only one of which the defendant might be responsible. It might have come from a fire kindled by the defendant's servant; it might have come from one started by the boys; or it might have come from the cans which the boys were swinging around. In that condition

of the evidence, the jury should not have been permitted to indulge in conjectures as to the cause of the ignition of the child's dress, or as to whether, in view of her being the bright and intelligent girl described by her father, she had exercised care commensurate with what might, reasonably, be expected of her. The denial of the motion to dismiss the complaint upon the whole case was, in my opinion, error; for which the judgment should be reversed and a new trial ordered.

Furthermore, I think that the verdict should not have been allowed to stand in view of the instructions of the trial court. The case was sent to the jurors with a direction, in addition to their general verdict, to return a special verdict upon this question: "Did the defendant's employés light the fire which burned the child, or did they feed the fire after it was lit ?" Upon the subject of contributory negligence, at the request of the defendant, they were charged as follows: "That if the jury find that the little girl was capable of appreciating the dangers of a blazing fire, and that she nevertheless went so near that she was burned, the little girl was guilty of contributory negligence," and "that if the jury find that the little girl was not capable of appreciating the dangers of a fire, or was not capable of a proper degree of care with respect to approaching the fire, the parents of the child were guilty of contributory negligence in allowing her to frequent the spot where they knew fires were frequently burned." Those instructions constituting the law of the case, when the verdict of the jury was rendered, the defendant moved to set it aside and for a new trial, on all the grounds specified in section 999 of the Code of Civil Procedure. As we have seen, evidence was wholly lacking, which would show, or tend to show, how the deceased had been conducting herself, or as to how the fire was communicated to her dress. The case, however, having gone to the jury with these instructions, their verdict was contrary to one, or the other, of the instructions. The jurors

must have found that the little girl was not capable of appreciating the danger of a fire and was, therefore, not guilty of contributory negligence, and they must have found that she was capable of appreciating that danger and, therefore, that negligence was not to be imputed to her parents.   How can one finding be reconciled with the other ?   I do not think the verdict for the plaintiff had any legal basis upon which to rest and it should have been set aside.   If the defendant was found to be responsible for the burning dump, the verdict did not determine that the accident was not contributed to by the neglect of the parents, if not of the deceased.

I advise that the judgment be reversed and that a new trial be ordered; with costs to abide the event.

CULLEN, Ch. J., WERNER, COLLIN, CUDDEBACK and MILLER, JJ., concur; HISCOCK, J., concurs on ground last stated in opinion.

Judgment reversed, etc.