MAUDE I. LANG, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

First Department, July 2, 1920.

Street railways — negligence — space between station platform and subway car — injury to passenger attempting to board car at elevated station — evidence not raising questions for jury — charge making submission of issues to jury improper — failure to warn passengers of dangers known to exist.

In an action to recover damages for personal injuries it appeared that the plaintiff when attempting to enter a subway car of the defendant at an elevated station stepped into a narrow space claimed to be eight inches in width between the station platform and the car. The plaintiff admitted that she knew of this opening and saw it before attempting to enter the car, but that her foot slipped from the car and she fell. She proved that no one warned her of the existence of the opening, and it appeared that no one had preceded her in entering the car and that the station was not crowded. On all the evidence, *held*, that there was no question of fact for the determination of the jury, and that the complaint should have been dismissed.

Charge examined, and *held*, that instructions given to the jury at the request of the defendant left no issue to submit to the jury under the previous charge, and that, therefore, the verdict against the defendant was contrary to the law as stated by the court and cannot stand.

Under the circumstances the defendant cannot be found negligent in allowing the space of eight inches to exist between its car and the platform nor can it be held negligent in failing to warn the plaintiff of the existence of the space, as she admitted her knowledge of its existence so that a warning was unnecessary.

APPEAL by the defendant, Interborough Rapid Transit Company, from a judgment of the Supreme Court in favor

of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of June, 1919, upon the verdict of a jury for $1,600, and also from an order entered in said clerk's office on the 5th day of June, 1919, denying the defendant's motion to set aside the verdict and for a new trial, made upon the minutes, in an action brought by the plaintiff to recover of the defendant for personal injuries claimed to have been sustained by her as the result of defendant's negligence.

*B. H. Ames* of counsel [*Frederick Allis* with him on the brief], *James L. Quackenbush*, attorney, for the appellant.

*Arthur K. Wing* of counsel [*Wing & Wing*, attorneys], for the respondent.

MERRELL, J.:

The defendant operates a subway electric train service running through the boroughs of The Bronx and Manhattan, in the city of New York. As a part of said subway system the defendant maintains an elevated station at One Hundred and Seventy-fourth street in the borough of The Bronx. The plaintiff, by occupation a nurse, on June 15, 1917, in boarding one of the defendant's south-bound subway trains at the said One Hundred and Seventy-fourth street station, stepped into a narrow space, which she describes as eight inches in width, between the station platform and the defendant's car which she was about to enter, and fell and sustained the injuries for which she seeks to recover in this action. Plaintiff testified that she went to the said station on defendant's road between the hours of four and five o'clock in the afternoon with the intention of boarding a south-bound train to Ninety-sixth street, and there transfer to a Broadway car to carry her up to One Hundred and Thirty-seventh street. She testified that after a wait of five or ten minutes the train pulled in and that one passenger alighted; that there were three or four passengers besides the plaintiff intending to board the train at that point; that as the plaintiff went to step into the car she put her foot forward across the space between the car platform and the station platform, to and upon the car platform, and then started to enter the car; that as she did so the foot which she had placed upon the

car platform slipped and went into the open space to some extent and she was thrown down upon her hands and knees, striking violently against the floor of the car platform and her head striking the edge of the car door. She testified that no word of warning was given her of the existence of the space between the station platform and the car platform, but that before stepping she herself saw the open space over which she was required to step to enter the car. She testified that after she fell the guard came to her assistance and picked her up and assisted her to a seat, and she proceeded on her journey to Ninety-sixth street, where she left the train, but could not, except with assistance, reach the street, and then was unable to proceed to One Hundred and Thirty-seventh street, as she had intended, but was compelled to take a taxicab and return to her home. Plaintiff testified that she later visited the place where she was injured and measured the space between the station platform and the car platform over which she was endeavoring to step, and that said space was eight inches in width. On cross-examination the plaintiff testified that she had previously ridden on subway trains and had noticed the space between the station platform and the car. Plaintiff also testified that as she stepped or tried to step on the defendant's car on the day of the accident, she knew that there was a space between the station platform and the car platform, and that she looked for the space and saw it, and that as she stepped her foot slipped. She further testified that she saw it in the natural way, but never thought she was going to fall. Plaintiff further testified that as she attempted to board the car nobody preceded her. No witness, except the plaintiff, testified in her behalf as to the occurrence of the accident.

At the close of the plaintiff's case the defendant moved to dismiss the complaint upon the ground that the plaintiff had failed to prove any negligence on the part of the defendant or her freedom from contributory negligence, which motion the court denied.

Some evidence was given by the defendant tending to prove that the space between the station platform and the car platform was less than eight inches, as testified to by the plaintiff, and did not exceed about four and one-half inches,

and that such space was the usual and necessary one in construction of station platforms.

The action was submitted to the jury by the court upon the question of the alleged negligence of the defendant in the construction of its station platform, and the existence of the alleged defective opening between the station platform and the entrance platform to the defendant's cars stopping at said station. In this respect in the main charge of the court the jury were instructed as follows: " Briefly the plaintiff claims that she entered upon the platform of the · defendant's line at 174th Street upon a station of what is commonly known as the old subway and that as she proceeded to enter the car from the station platform her foot slipped and that her leg went into an opening which she claimed was eight inches wide between the train and the platform. * * *

" First, you should consider whether or not this opening or space complained of was an excessive opening and one which a reasonably prudent railroad would have seen was apt to be dangerous to a passenger using ordinary care. If it was not, of course, your deliberations would end then, because the mere happening of the accident is not sufficient upon which to base a claim for damages. If it was an excessive and dangerous space then you must determine whether or not the company in the exercise of ordinary care should give passengers warning by precautionary words or otherwise, that there was an opening there. You must determine whether or not that warning should have been given, and if it should have, whether or not it was given in this case."

To such charge of the court counsel for the defendant duly excepted, and requested that the jury be further instructed in the following language: " Mr. Jones: I except to that portion of your Honor's charge wherein you submit to the jury the question that they may determine whether or not the opening was excessive and also that portion of your Honor's charge in which you submit to them the question of defendant's negligence upon the failure or alleged failure of any warning to have been given, and I ask your Honor to charge the jury that they cannot predicate any negligence upon the construction or the manner in which this station was built."

To this request the court acceded. Thereupon counsel for the defendant made the further request: " I ask your Honor to charge the jury that they cannot predicate negligence in this case merely because of the existence of the space between the station and the car platform."

This, also, the court charged. Counsel for the defendant further requested: " I ask your Honor to charge the jury that an open space of eight inches between the car and the station platform is not negligence as a matter of law."

To this request the court also acceded. Counsel for the defendant further requested the court to charge as follows: " I ask your Honor to charge the jury that if they find the plaintiff knew of the opening, there was no occasion to give her any warning."

To such request the court replied as follows: " I will decline to make any charge based upon what the jury might find from the evidence. I leave the question of fact entirely to the jury. I will charge any rule of law which you may request and that I approve of. Mr. Jones (counsel for defendant): If they find that she knew; that it was found by them as a fact then the law says that there is no occasion to warn — exception. The Court: I have already charged the jury to that effect. Mr. Jones: Your Honor distinguished it saying whether she knew it when she was stepping. The Court: If the jury find from the evidence at the time that she stepped, the plaintiff knew that the open space was there and knew what the space was, of course, no warning by the defendant was necessary, that is common sense. Mr. Jones: I except to the limitation ' at the time she stepped.' The Court: Knew it at any time. Mr. Jones: While she was on the platform if she either knew that it was there or saw it, then there was no occasion to warn. The Court: Yes, the reason I limited it to that time is because there is no evidence that she was ever on the platform before, that is what I meant."

The foregoing colloquy between court and counsel completed the court's instruction to the jury.

It seems to me that by the final charge of the court every issue which the court in its main charge had submitted to the jury was eliminated. The court first charged the jury in effect that they might find a verdict in plaintiff's favor, if they found

that the eight-inch opening between the station platform and the car platform was excessive and one which a reasonably prudent railroad would have seen might be dangerous to passengers using ordinary care, and if the jury found such opening to be excessive and a dangerous space, that they should then determine whether or not the defendant was required in the exercise of ordinary care to warn its passengers of the existence of said space. As the case was finally submitted to the jury they were instructed that they could not predicate any negligence on the construction or the manner in which the station was built, and that they could not predicate negligence because of the existence of the space between the station and the car platform. The jury was further specifically instructed by the court as matter of law that an open space of eight inches, as testified to by the plaintiff, was not negligence. As to warning, the court finally instructed the jury that if they found the plaintiff knew of the opening there was no occasion to give her any warning, the court in this respect instructing the jury specifically that if the jury found from the evidence that at the time she stepped, or at any time, the plaintiff knew that the open space was there and knew what the space was, no warning by the defendant was necessary. The plaintiff testified that she had, before the time of the accident, noticed the space between the car and the station platform, and that as she went to get on the car she looked at the space and saw it. Such final instructions to the jury became the law of the case, and in my opinion, left no ground upon which the jury were permitted to find the defendant negligent. The verdict of the jury, contrary to the law of the case as thus stated by the court, cannot stand. (*Specht* v. *Waterbury Co.*, 208 N. Y. 374.)

Placing upon the testimony the strongest interpretation in plaintiff's favor, I do not think she was entitled to go to the jury. Under the evidence there were but two possible grounds upon which the defendant could have been found negligent. *First,* was it negligent in the construction of its station platform, with the intervening space, eight inches, between it and the entrance platform of defendant's cars? and, *second,* was the defendant negligent in failing to warn the plaintiff of the existence of such space? As to the first, it may be said that

plaintiff's testimony is that as she started to enter the car she looked down and saw the space and stepped forward upon the car platform, but did not step far enough; that her foot became firmly placed thereon, but slipped off and into the space. It, therefore, it seems to me, was not very material whether the space was eight inches wide or four inches wide. The plaintiff could have fallen, as she testified she did, as easily were the space only half as wide as she claims. The evidence shows that the station was constructed by the city of New York, which built the subway system, and that the defendant was not authorized to alter the same. That it was necessary to have some space between the cars and the platform is a self-evident proposition. Even assuming that the space was as wide as plaintiff testified, there was no proof that it was any greater than necessity required. (*Smith* v. *Brooklyn Heights R. R. Co.,* 129 App. Div. 635; *Gabriel* v. *Long Island R. R. Co.,* 54 id. 43; *Lafflin* v. *Buffalo & Southwestern R. R. Co.,* 106 N. Y. 136.) It seems to me that, even assuming that the space was eight inches in width, the question as to whether or not it was a negligent construction was one of law for the court and not of fact for the jury. (*Ryan* v. *Manhattan R. Co.,* 121 N. Y. 136, 137.) This view was finally adopted by the court in its final instruction to the jury in the case at bar, wherein the court charged the jury that as matter of law an open space of eight inches between the car and the station platform was not negligent, and that the jury could not predicate negligence in this case because of the existence of such space.

Under the evidence in the case the jury could not find the defendant negligent for failure to warn. The only advantage of warning the plaintiff would have been to have apprised her of the existence of the open space. She testified positively that before the accident she knew of the space at this station and specifically testified that she saw the open space before she attempted to step across it. There is no testimony presented showing that after seeing the space immediately prior to stepping, her attention was in anywise diverted therefrom. The knowledge which she admitted upon the witness stand that she possessed would have been in no degree increased by any warning which the defendant could have

given her. Knowing of the existence of the open space and having it in mind she attempted to step across it. The defendant was entitled to act upon the assumption that she would use ordinary care to avoid any danger which was obvious. (*Race* v. *Union Ferry Co.*, 138 N. Y. 644; *Weill* v. *City of New York*, 147 App. Div. 637, 638.)

I think upon the plaintiff's evidence that there was no question of fact for the determination of the jury, and that plaintiff's complaint should have been dismissed, and that the failure of the court to grant defendant's motion for a nonsuit was error.

The judgment and order appealed from should be reversed, with costs, and plaintiff's complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.