HELEN FARMER, an Infant, by ELLEN FARMER, Her Guardian ad Litem, Plaintiff, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, June 19, 1924.

**Street railways — negligence — action for personal injuries in attempting to board subway express train — plaintiff caught foot between car and station platform — evidence insufficient to sustain verdict — construction of space between car and platform question for court.**

Evidence in an action for personal injuries claimed to have been suffered by defendant when, in attempting to board a subway express train, she caught her foot between one of the cars and the station platform does not sustain the

Appellate Term, First Department, June, 1924.    [Vol. 123

burden of showing negligence, where it appears that there is no evidence to substantiate plaintiff's contention that the defendant permitted the platform to become overcrowded and failed to provide guards to prevent jostling and shoving by the crowd. Hence, a judgment for the plaintiff should be reversed and a new trial ordered.

It was reversible error for the trial court to submit to the jury the question as to whether or not the space between the train and the platform was a negligent construction since, there being no evidence that the space was more than was necessary, the question was one of law for the court.

APPEAL by defendant from a judgment of the City Court of the city of New York rendered in favor of the plaintiff for the sum of $684.22, damages and costs.

*James L. Quackenbush (Albert L. Wilbur,* of counsel), for the appellant.

*Nathan B. Finkelstein (N. William Welling,* of counsel), for the respondent.

LEVY, J. The proof discloses that on March 27, 1922, at about eight-thirty A. M., while the plaintiff was on her way to work, she attempted to board a downtown subway express train at the One Hundred and Twenty-fifth street and Lexington avenue station. As she was boarding the train at about the second or third car from the rear end, she in some way which she herself was unable to explain got one foot down into the space between the station platform and the car and she received the injuries for which she now seeks recovery from the defendant. Liability is predicated on defendant's negligence in permitting the station to become overcrowded, and in failing to provide guards to prevent jostling and shoving by the crowd, which condition plaintiff alleges was responsible for her injury.

Two friends were with the plaintiff at the time and were boarding the same car directly behind her but neither of them could testify as to the cause of the accident. The mere statement of one of the plaintiff's witnesses that " it was crowded " (referring to the condition of the platform) and that there were " about thirty " people on the platform at the point of accident did not show the defendant guilty of actionable negligence. As a matter of fact, no evidence was introduced which manifested that the crowd pushed plaintiff into the space between the train and the platform nor is there any testimony that there was any shoving or jostling by the crowd. In the absence of such proof plaintiff failed to make out a cause of action against defendant. Her own testimony that " when I was going into the train I was watching my step, of course, the best I could  *  *  *  and the first thing I knew I was there down in a hole and one foot was in the train and the

other foot was away down in a hole   *   *   *" fails to prove her contention that the defendant permitted the existence of a condition which resulted in injury to her.

In *Commerford* v. *Interborough Rapid Transit Co.,* 199 App. Div. 852, a case which is quite similar to the one at bar and determinative thereof, Smith, J., writing for the court, said (p. 853): " Nor is the defendant shown guilty of negligence in allowing this place to be overcrowded.  She testifies that there was quite a crowd there and afterwards she uses the expression that there was a big crowd there. When the train came she went along with the crowd to get on the train, but she does not swear she was pushed along or that there was a great crowd, or that the crowd was swaying or surging or in any way obstructed her or caused her to fall."

So in the instant case the plaintiff did not testify that the crowd pushed her or caused her to fall into the space.  She, therefore, did not sustain the burden of showing negligence in this instance.

It is claimed by plaintiff, however, that the failure to provide guards constituted negligence.  Unless the station platform was overcrowded and the crowding caused the accident, and there is no evidence warranting this assumption, there was no duty or need for the defendant to have any guard there and the absence of the guards was not negligence.  *Commerford* v. *Interborough Rapid Transit Co., supra.*

Furthermore, the trial court committed reversible error.  Defendant's counsel asked the court to charge the jury that there was no proof submitted on behalf of the plaintiff to show that the space between the platform and the car was greater than was necessary and the burden of proving such a condition, if it is claimed to be negligence, rested on the plaintiff.  The court declined so to charge and left the entire matter with the jury.  The station at One Hundred and Twenty-fifth street and Lexington avenue, where this accident occurred, is straight and the space according to plaintiff's witnesses was four and one-half to five and one-half inches.  Defendant's witnesses testified it was three and one-half inches.  The record, however, is devoid of any evidence showing that this space was more than was necessary for the ordinary run of the train and it was, therefore, error to submit this question to the jury.  *Lang* v. *Interborough Rapid Transit Co.,* 193 App. Div. 56.  In that case the court said (p. 62): " Even assuming that the space was as wide as the plaintiff testified (8 in.), there was no proof that it was any greater than necessity required.  (*Smith* v. *Brooklyn Heights Railroad Company,* 129 App. Div. 635; *Gabriel* v. *L. I. R. R. Co.,* 54 id. 43; *Lafflin* v. *Buffalo & Southwestern R. R. Co.,* 106 N. Y. 136.)  It

Appellate Term, First Department, June, 1924.     [Vol. 123

seems to me that, even assuming that the space was eight inches in width, the question as to whether or not it was a negligent construction was one of law for the court and not of fact for the jury. (*Ryan* v. *Manhattan Ry. Co.*, 121 N. Y. 126, 136, 137.) "

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

BIJUR and MULLAN, JJ., concur.

Judgment reversed and new trial ordered.