JOHN CURRAN HOWARD, Appellant, *v.* JOSEPH S. REID, Respondent.

Fourth Department, March 13, 1929.

*J. Emmett O'Brien,* for the appellant.

*James P. Quigley* [*Earl C. Vedder* of counsel], for the respondent.

SEARS, P. J. The plaintiff received injuries while riding as a guest of the defendant on the rear seat of an automobile owned and operated by the defendant. Defendant was an inexperienced driver. He had but recently purchased the car, and had driven it on three previous occasions only. This was known to the plaintiff.

The defendant lived in the village of Belmont, Allegany county. His business was in Olean, Cattaraugus county. During the afternoon on which the accident occurred, the plaintiff, accompanied by his wife and the defendant's wife, had driven the car from defendant's home in Belmont to Olean. At Olean the defendant joined the others and on the return trip defendant himself drove the car from the city line of Olean to Belmont. On the front seat with the defendant at this time was the plaintiff's wife who acted as an instructor to the defendant in driving. The plaintiff and the defendant's wife were seated on the rear seat. The journey from Olean to Belmont (a distance of more than thirty miles) was without incident. When, however, the vehicle was turned by the defendant from the highway into the entrance driveway leading to his own home, the car was driven directly into a tree causing the plaintiff injuries to recover damages for which this action was brought. It does not clearly appear how the defendant happened to drive into the tree. The defendant himself testified that when he was making the turn his attention was momentarily diverted by an approaching automobile and this resulted in a misdirection of the car.

At the close of the evidence no motion was made by either party for a directed verdict. Questions of negligence and contributory negligence were submitted to the jury which found in favor of the defendant.

In our opinion this verdict, both on the question of negligence and freedom from contributory negligence, is contrary to the weight of the evidence. The facts stated are obviously not consonant with freedom from negligence on the defendant's part. The court in charging the jury on contributory negligence as we read the charge, eliminated the fact that the plaintiff was voluntarily riding with a driver known to be inexperienced as a basis for a possible finding of contributory negligence. The court said: " It has been suggested here that Howard perhaps was charged with some responsibility of taking recognition of the ability of Reid to drive this car. It is not disputed in this case, as the court understan ˙ it, that Reid had the legal right to drive the car. * * * Howard was not chargeable with the responsibility of deciding or determining just what degree of ability Reid had for operating the

automobile. * * * Howard had the right to ride in that car and to rely upon the obligation imposed by law upon Reid that he would exercise reasonable care at all times in the operation of his car." Assuming, as we must, in consequence of this instruction (*Specht* v. *Waterbury Co.*, 208 N. Y. 374; *Lang* v. *Interborough R. T. Co.*, 193 App. Div. 56; *Mumm* v. *Dance*, 155 id. 6) that contributory negligence cannot be predicated on the plaintiff riding as a guest of a driver known to be inexperienced, we find no act or omission on his part which can justify the verdict. The character of the accident was such that the immediate danger could have been foreseen only for a moment before the accident took place. It is highly improbable that any act or warning on the plaintiff's part could have averted it.

We express no opinion on the correctness of the instructions quoted above as that question is not before us on this appeal.

The judgment and order should be reversed on the facts and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event.