WILLIAM NUGENT, an Infant, by GEORGE NUGENT, His Guardian ad Litem, Plaintiff, v. JANGALDI BUILDING & CONSTRUCTION COMPANY, INC., Defendant.

City Court of New York, New York County, March 23, 1931.

*Harry E. Kreindler,* for the plaintiff.

*Barnett Cohen,* for the defendant.

RYAN, J. Plaintiff, by his guardian *ad litem,* brings this action to recover damages for injuries alleged to have been caused by a fire kindled by the then superintendent of the defendant to burn rubbish. At the time in question plaintiff was between four and five years of age and was in the company of his brother, who was of the age of seven years. Defendant owned an apartment house at No. 1098 Anderson avenue, Bronx, which housed twenty families. Near the apartment house were several vacant lots of land uninclosed.

The plaintiff's mother testified that from a room in her apartment she could see the apartment house of the defendant, which was about 100 yards away, and that on the morning of October 6, 1926, at about six o'clock, she saw the superintendent of the defendant carry up to the sidewalk a bag of rubbish and papers and take same to a vacant lot across from the said apartment house and put a match to it, leaving it to burn. At about twelve o'clock that same day she called to her son, the plaintiff, not to go near the fire, and she saw him again at the scene of the fire three-quarters of an hour later. That the next time she looked the child had been burned. A witness named Smith, passing by at the time, put out the flames on the plaintiff's clothing and carried him to his home. He further testified that the plaintiff was fifteen feet away from the fire when he first saw him, the place of the fire being thirty feet in from the street line of One Hundred and Sixty-sixth street and ten feet from the street line of Anderson avenue. The only persons around there at the time were the plaintiff and his infant brother. According to the testimony in support of plaintiff's claim the fire had been burning well over six hours, from about six o'clock A. M. until one o'clock in the afternoon. The lot was described as being a steep hill, about 100 by 100 feet, uninclosed, and a place where children were accustomed to play. There was no eye witness to the accident.

The defendant produced the superintendent, who is not now in its employ and has not been since August, 1927. He denied that he had carried any rubbish or paper to said lot and testified that he did not make the fire; that his duties were to keep the apartment clean, put the ashes, paper and rubbish in receptacles provided for that purpose by the defendant and place them on the sidewalk for removal by the city authorities; that adjoining said apartment

house was a vacant lot with a gate connecting the same. The lot where the fire occurred was diagonally across the street; that he saw children playing on the lot in question at all times; that there were at various times plenty of fires there made by boys.

There was nothing upon the subject of the happening of this accident from which the slightest inference might be drawn as to how far the child's conduct may have been responsible for it, or how far other causes existed for it than the negligence of the defendant's superintendent. At the close of the evidence it became more evident that it was wholly a matter of conjecture as to how and in what manner plaintiff sustained the injuries. If we take the testimony of the mother of the plaintiff it must be admitted that she did nothing to remove him from a possible danger zone when she saw the fire burning at twelve o'clock that day and again at twelve-forty-five P. M., the child having suffered the burns within ten or fifteen minutes thereafter. Another fact for consideration is that the older brother of the infant plaintiff who may have been an eye witness of what actually occurred was not produced as a witness nor was his absence at the trial explained.

The case was submitted to the jury who returned a verdict in favor of the plaintiff for the sum of $1,700. Decision on defendant's motion to set aside the verdict was reserved. Plaintiff has submitted a memorandum in opposition to the motion and relies exclusively upon the case of *Specht* v. *Waterbury Co.* (127 N. Y. Supp. 137). In the memorandum it is stated that the judgment of the lower court in favor of the plaintiff was unanimously affirmed (144 App. Div. 938). An examination of that citation reveals that an order in the case was affirmed on the argument. The judgment of the lower court was affirmed, however, by a divided court (151 App. Div. 924), and a further examination discloses that the judgment of the Appellate Division affirming the lower court was unanimously reversed by the Court of Appeals (208 N. Y. 374).

After having given the matter careful consideration, reading the briefs and examining the authorities, I think the verdict should be set aside. Taking the plaintiff's own case in its most favorable aspect there is a complete lack of evidence showing how the infant plaintiff was burned. Furthermore, it has been a rule of law long established in this State that the negligence of the parents of a child too young to exercise any self-reliant care for his own safety would be imputed to the child and bar a recovery by him for injuries negligently inflicted. If the infant's proper guardian has suffered him to incur the mischief it is much more that he should look for redress to that guardian than that the latter should negligently allow his ward to place himself in a place of peril and then seek

to recover damages for his own misconduct. (*Hartfield* v. *Roper*, 21 Wend. 615, 45 C. J. 1024, § 577.) That his mother was aware of the possible danger of allowing her infant son to resort to that vacant and uninclosed lot where fires were lighted is plain from her own testimony when she testified she called to the children not to go near the fire, and where the parents of an infant of the age of the infant in this case allow him to play in a place with knowledge aforethought where fires were lighted and the child negligently ignited his clothing, his own negligence is imputable to his parents, it being their duty as guardians to keep him from such a dangerous agency as fire. (*Specht* v. *Waterbury Co.*, 208 N. Y. 374.)

The only rule than can safely be drawn from the decisions of this State is that a recovery may be had for injuries inflicted upon a child by the negligence of another only where an inference may be drawn from the evidence presented in the particular case that no failure on the part of the child to exercise the care which might reasonably be expected of a child of equal age and capacity contributed to the injury. (*Camardo* v. *N. Y. State Railways Co.*, 247 N. Y. 111, 117.) The motion to set aside the verdict should be granted and a new trial ordered.