MARSHA MESSING, by SAMUEL MESSING, Her Guardian ad Litem, et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29253.)

Court of Claims, April 3, 1950.

*Peter Deutsch* and *Joseph J. Dreyer* for claimants.

*Nathaniel L. Goldstein, Attorney-General* (*David Marcus* and *Francis X. McHugh* of counsel), for defendant.

Young, J.  On July 5, 1948, Marsha Messing, claimant, aged five and a half years, went to Bethpage State Park with her parents for an outing.  In the park the State maintains for the amusement of children a small manually-operated platform-type merry-go-round of the kind commonly seen in recreation areas and schoolyards.  Marsha and seven or eight other young people were riding on the merry-go-round and it was being propelled by four or five adults.  Marsha, while riding or while attempting to get off, fell, causing the injury giving rise to this claim. Neither of Marsha's parents were at the merry-go-round and the only witness who testified to having seen the accident was Marsha's father who was seated at a table about fifty feet away.

The claimants have proceeded on the theory that the State was negligent for the reason that the platform of the merry-go-round was too great a height from the ground or sand beneath it to be safely negotiated by youngsters of Marsha's age stepping and jumping off it and that there was a lack of supervision on the part of the State of the children using the merry-go-round.

The record contains considerable testimony concerning the height of the platform, the depth of the sand around it and the width of the footpath made in the sand by those using the merry-go-round.

All of the testimony describing the actual happening of the accident is given in the following answers by Marsha's father.

" Q. Would you tell his Honor what you observed happen just before the accident occurred?  A. I saw my child, Marsha, on the merry-go-round riding and as it slowed down she started to get off and in getting off she fell off the merry-go-round. "

" Q. Now, immediately before the accident to Marsha you saw her on the platform of the merry-go-round?  A. Yes. "

" Q. As it slowed you say she jumped off?  A. I saw her falling off. "

" Q. You saw her on the merry-go-round and the next you knew she was off the merry-go-round?  A. Right. "

" Q. Did she roll or move after she got off?  A. No. "

" Q. Could you see from the position you were in exactly what she did in getting off the merry-go-round?  A. As one goes off a step, sort of in a bending position. "

" Q. Using the stenographer's raised platform here (indicating) did she step off that with one foot or go off with both feet? A. I cannot describe it exactly. "

The record is devoid of any testimony showing a causal relationship between the accident and the height of the platform from the ground.  On the contrary, the impression gained from

the above testimony is that Marsha fell off the platform itself rather than as a result of a step or a jump to the ground.

The cause of this accident is left open to speculation. It could well be that centrifugal force pulled Marsha off the merry-go-round, or that the circular motion made her dizzy, or that she lost her balance, or that she was pushed or jostled by one of her playmates.

The cause of the accident being unknown, the court cannot say that it could have been prevented by more supervision on the part of the State.

To merit a recovery, the claimant must show that the accident was brought about by the negligence of the State. " Where there are several possible causes of injury, for one or more of which defendant is not responsible, plaintiff cannot recover without proving the injury was sustained wholly or in part by a cause for which the defendant was responsible ". (*Digelormo* v. *Weil,* 260 N. Y. 192, 200, citing *Ruback* v. *McCleary, Wallin & Crouse,* 220 N. Y. 188. See, also, *Lahr* v. *Tirrill,* 274 N. Y. 112; *Solomon* v. *Brooklyn Cornell Utilities,* 291 N. Y. 593; *Ruppert* v. *Brooklyn Heights R. R. Co.,* 154 N. Y. 90; *Searles* v. *Manhattan Ry. Co.,* 101 N. Y. 661; *Specht* v. *Waterbury Co.,* 208 N. Y. 374, and *Jacobs* v. *State of New York,* 195 Misc. 128, affd. 276 App. Div. 452.)

Claim dismissed.