■ RAYMOND J. McRORY, Respondent, v CRAFT ARCHITECTURAL METALS CORPORATION, Appellant.—In an action to recover legal fees under a written contract, defendant appeals from (1) an order of the Supreme Court, Nassau County (Oppido, J.), dated December 9, 1983, which granted plaintiff's motion for summary judgment, (2) an order of the same court, dated February 1, 1984, which denied its motion for leave to renew plaintiff's motion for summary judgment, and (3) a judgment of the same court, entered February 14, 1984, which, upon the grant of summary judgment to plaintiff, is in his favor and against it in the sum of $54,099.31.

Appeals from the orders dismissed (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment.

Judgment affirmed.

Plaintiff is awarded one bill of costs.

A review of the record shows that no triable issues of fact were raised pertaining to the terms of the letter agreement between the parties or whether plaintiff fully performed his obligations pursuant to the agreement. There can be no question that plaintiff obtained a favorable decision from the Internal Revenue Service regarding a previous disallowance of a carry-over of a substantial net operating loss sustained by one of defendant's subsidiary companies in 1975, by challenging the disallowance through the appellate process. That was all he was required to do.

Moreover, defendant's argument that the letter agreement should not be construed against it is disingenuous. The agreement was written on stationery bearing defendant's letterhead, addressed to plaintiff, and was signed by defendant's president, an experienced businessman who had served in that

position for 24 years. Clearly he should be charged with knowledge and understanding of the terms contained in a document he prepared and executed, notwithstanding that some of the language may have been suggested by plaintiff. Equally unpersuasive is defendant's claim that because new counsel had to be retained to complete certain work in connection with "utilizing" the tax loss, plaintiff failed to perform completely under the contract. Clearly, this work was supplemental to and was not required by the agreement.

Special Term properly denied defendant's motion for leave to renew, which was based upon its submission of Renno L. Peterson's affidavit, the attorney allegedly retained to complete plaintiff's work. The law is that "[a]n application for leave to renew must be based upon *additional material facts which existed at the time the prior motion was made,* and were not made known to the court" (*Barry v Good Samaritan Hosp.,* 86 AD2d 853, *revd on other grounds* 56 NY2d 921, *mod on remittitur* 91 AD2d 673; *accord, Foley v Roche,* 68 AD2d 558, 568). However, renewal should be denied where the party fails to offer a valid excuse for not submitting the additional facts upon the original application (*Foley v Roche, supra,* p 568).

In the instant case, no reasonable explanation was proffered as to why Peterson could not be located before the original motion was decided. While we are mindful that there are circumstances where a motion to renew may be granted as a matter of discretion despite the moving party's previous awareness of the additional facts (*see, Vitale v La Cour,* 96 AD2d 941; *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865), no compelling factors are present in this case which warrant such an exercise of discretion. Furthermore, the affidavit submitted in support of renewal, assuming that the allegations set forth therein are true, does not establish that any of the acts performed by new counsel had been contemplated by the agreement. Mollen, P. J., Rubin, Lawrence and Kunzeman, JJ., concur.