■ SANDRA GREEN et al., Respondents, v WILLIAM J.

WRIGHT, Appellant.—In an action to recover damages for personal injuries, etc., and to recover for property damage, the defendant appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated September 5, 1985, which, upon granting the plaintiffs' motion for reargument, treated the motion as one for renewal, vacated a prior order of the same court dated March 3, 1985, granting the defendant's motion for summary judgment, and thereupon denied summary judgment.

Ordered that the order is modified, on the law, by deleting the provisions thereof which vacated the provisions of the order dated March 3, 1985, granting those branches of the defendant's motion which were for summary judgment on the first and second causes of action and substituting therefor a provision adhering to the original determination with respect to those causes of action and severing the third cause of action to recover for property damage. As so modified, the order is affirmed, with costs to the defendant.

In opposition to the defendant's motion for summary judgment, the plaintiffs submitted medical evidence consisting of a 1½ page affidavit from Dr. Michael Schonfeld, a chiropractor, who stated, without describing a particular course of treatment, that as a result of an automobile accident, the plaintiff Sandra Green suffered personal injuries consisting of an "aggravation of pre-existing cervical spine injury, shoulder sprain and lumbo sacro sprain". The plaintiff Sandra Green's radiology report, submitted by the defendant in support of his motion to dismiss, confirmed that there was no evidence that Mrs. Green had suffered a fracture as a result of the accident. In the plaintiffs' bill of particulars, also submitted with the defendant's supporting papers, it was alleged that the plaintiff Sandra Green was confined to her bed and chair "most of the time" for a period of one week and confined to her home "most of the time" for a period of four weeks. In assessing the nature and severity of Mrs. Green's injury. Dr. Schonfeld merely stated, in a single conclusory allegation, that "the injuries sustained by Sandra Green are permanent in nature and * * * she will continue to have treatment for some time to come". No further substantive or clinical description of the injury or its medically determined effects were set forth in the chiropractor's affidavit.

Special Term granted the defendant's motion to dismiss. However, upon the plaintiffs' motion for reargument, which the court treated as a motion to renew, Special Term vacated its original order and denied the defendant's motion for sum-

mary judgment. We conclude that the court erred in reinstating the first cause of action to recover damages for personal injuries, and the second cause of action which asserts a derivative claim on behalf of the plaintiff Jay Green. Annexed in support of the plaintiffs' motion to reargue was an affidavit by the same chiropractor whose affidavit had been submitted in opposition to the defendant's motion for summary judgment. This affidavit merely contained a more detailed and factually embellished description of Mrs. Green's injuries, in which the chiropractor alleged, for the first time, *inter alia,* that the plaintiff Sandra Green was "disabled from performing substantially all of the material acts which constitute her usual and customary daily activities" and that Mrs. Green had suffered "permanent consequential limitation of use of a body function or system, specifically her cervical spine, right arm and right hand". We reject the contention made that the alleged consequential injury to Mrs. Green's right hand or the embellished medical allegations with respect, *inter alia,* to the impairment of her performance of daily activities, represented "new" material unavailable at the time the defendant's original motion was made *(see, McRory v Craft Architectural Metals Corp.,* 112 AD2d 358; *Foley v Roche,* 68 AD2d 558). While there are occasions where renewal may be granted and the original determination vacated as a matter of discretion despite the moving parties' awareness of the additional facts at the time the original motion was made *(McRory v Craft Architectural Metals Corp., supra,* at p 359), there are no compelling reasons in the case at bar warranting the court's exercise of such discretion *(cf. Echeverri v Flushing Hosp. & Med. Center,* 123 AD2d 818; *Rose v La Joux,* 93 AD2d 816, 817). Accordingly, we conclude that the court erred in vacating the provisions of the original order dated March 3, 1985, which dismissed the first and second causes of· action of the plaintiffs' complaint.

Finally, the plaintiffs' suggestion that the defendant was required to submit a medical affidavit in support of his motion is without merit *(see, Padron v Hood,* 124 AD2d 718). Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.