■ Kin Fok, Respondent, v Insurance Company of North America, Appellant.—In a proceeding pursuant to CPLR article 75 to confirm an arbitrator's award, the defendant appeals from an order of the Supreme Court, Queens County (Graci, J.), dated February 3, 1988, which denied its motion, inter alia, to vacate its default in responding to the application, and to vacate the arbitrator's award.

Ordered that the order is affirmed, with costs.

The defendant has not established that its default was excusable and that it has a meritorious defense (CPLR 5015 [a]; Gray v B. R. Trucking Co., 59 NY2d 649, 650). The defendant's claim that its default was due to law office failure is unpersuasive in light of its conduct throughout these proceedings. It defaulted not only in responding to the application to confirm the arbitrator's award, but it also failed to appear at the earlier arbitration hearing. The defendant's conduct is consistent with its assertion in its brief on this appeal, that it "felt no obligation to reply" to the application to confirm because it believed that there was no arbitration agreement in existence. Thus, it appears that the defendant's default was intentional and, therefore, inexcusable (see, Perellie v Crimson's Rest., 108 AD2d 903, 904).

Additionally, the defendant cannot establish a meritorious defense. Where, as here, the issue is whether a preexisting insurance policy which contained an agreement to arbitrate had been canceled prior to the accident, the defendant's failure to move to stay arbitration within 20 days after service upon it of the demand for arbitration bars it from obtaining such relief (see, CPLR 7503 [c]; Matter of Allstate Ins. Co. v Bonilla, 116 AD2d 571, 572; see also, Matter of Silverman [Benmor Coats], 61 NY2d 299, 307). Thompson, J. P., Rubin, Sullivan and Rosenblatt, JJ., concur.

■ Isabel Kramer, Individually and as Executrix of Sol