■ JOHN EGAN, JR., Appellant, v CAROL GREENE et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Donovan, J.), dated February 2, 1987, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated October 26, 1987, which denied his motion denominated as one for leave to reargue his opposition to the defendants' prior motion for summary judgment.

Ordered that the order dated February 2, 1987 is affirmed; and it is further,

Ordered that the appeal from the order dated October 26, 1987 is dismissed; and it is further,

Ordered that the respondents are awarded one bill of costs.

We agree with the Supreme Court that the documents submitted by the defendants in support of their motion for summary judgment constituted prima facie evidence that the plaintiff had not suffered any serious injury within the meaning of Insurance Law § 5102 (d). The report of the physician who examined the plaintiff shortly after the accident stated that the plaintiff had suffered only a "moderate cervical strain" and that there was "no actual limitation of motion". The plaintiff failed to submit any competent evidence in opposition to the defendants' motion. Under these circumstances, summary judgment was properly granted in favor of the defendants (see, Insurance Law § 5102 [d]; Palmer v Amaker, 141 AD2d 622; Gootz v Kelly, 140 AD2d 874; Benitez v Sexton, 139 AD2d 686; Caiazzo v Crespi, 124 AD2d 623).

The plaintiff subsequently moved for "reargument" of his opposition to the defendants' motion for summary judgment. Although the plaintiff's subsequent motion was denominated as one for leave to reargue, he now argues that it was actually one for renewal since it was based on additional evidence which included medical reports prepared in August 1987. These reports were prepared several months after summary judgment had been granted in favor of the defendants and

several years after the date of the underlying accident, which occurred in 1981. No explanation was offered as to why these or similar medical reports could not have been prepared earlier, as there is no allegation, much less proof, that the plaintiff's condition deteriorated after the original motion for summary judgment had been made (cf., Green v Wright, 126 AD2d 514). Under these circumstances, we agree with the Supreme Court that the plaintiff inexcusably failed to lay bare his proof in opposition to the original motion, and failed to show a valid reason for granting leave to renew (see, Matter of Bosco, 141 AD2d 639, 640; Caffee v Arnold, 104 AD2d 352; Foley v Roche, 68 AD2d 558). Since the plaintiff had no reasonable excuse for his failure to produce the additional evidence in opposition to the defendants' prior motion for summary judgment, his motion is deemed one to reargue, the denial of which is not appealable. Accordingly, his appeal from the order denying reargument is dismissed. Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.