■ Dorothy A. Coughlan, Respondent, v John P. Donnelly, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Brucia, J.), dated August 11, 1989, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

We agree with the defendant that the plaintiff has failed to submit prima facie medical evidence of "serious injury" within the meaning of Insurance Law § 5102 (d). The plaintiff was injured in an accident on February 4, 1987. Thereafter, she consulted various specialists who submitted reports, on which, together with her testimony at an examination before trial, the defendant relied in his motion for summary judgment. In her testimony at the examination before trial, the plaintiff stated that, on the day of the accident, she worked for half the day at her job as a schoolteacher, and further, that

she only missed one day from work after the accident. On March 18, 1987, she was examined by an orthopedic surgeon who found only a mild tenderness over the base of her neck, as well as over the lumbosacral spine and the right buttocks area. However she had a full range of motion of her cervical spine. Her neurological examination was negative, and the straight leg raising test was negative bilaterally. The orthopedic surgeon recommended bed rest in a contour position with moist heat to the cervical, thoracic and lumbosacral area. The plaintiff was also examined by a second orthopedist on September 22, 1988. He reported that the plaintiff complained of tenderness at the base of the cervical spine that mildly limited her range of motion. There were no spasms however. He found no orthopedic disability and saw no need for further active orthopedic care, physical therapy, or manipulative therapy related to the incident.

A neurosurgeon also examined the plaintiff on October 24, 1988, in the presence of her counsel. The neurosurgeon reported that the plaintiff's back and neck motions were unrestricted, and there was no complaint of tenderness to palpation of the neck, back or extremities. Further, he reported that neurologically, the plaintiff was normal and had no disability, although she was bothered by headaches. Those were expected to subside. The defendant relied on these medical reports and the plaintiff's testimony of the examination before trial in his motion for summary judgment. In response, the plaintiff submitted a no-fault form of a neurosurgeon, who examined her in April 1987 and who reported that she suffered cerebral concussion, post-concussion syndrome, cervical strain, left facial contusions, facial pain, right ear pain and thoracolumbar strain syndrome. In her affidavit, the plaintiff averred that she still suffered periodic severe headaches and vomiting. The headaches had, however, diminished in frequency.

The evidence set forth above does not disclose a "serious injury" within the meaning of Insurance Law § 5102 (d). The plaintiff has shown little more than a "minor, mild or slight limitation of use * * * insignificant within the meaning of the statute" *(Licari v Elliott,* 57 NY2d 230, 236; *see also, Scheer v Koubeck,* 70 NY2d 678; *Partlow v Meehan,* 155 AD2d 647; *Egan v Greene,* 154 AD2d 574). Thompson, J. P., Kunzeman, Eiber and Rosenblatt, JJ., concur.