■ SUSAN GENDJOIAN, Respondent, v DONNA J. HEAPS, Appellant.—In a negligence action to recover damages for

personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Posner, J.), dated July 16, 1990, which granted the plaintiff's motion to vacate a judgment entered November 14, 1989, upon an order of the same court dated August 15, 1989, granting the defendant's motion for summary judgment dismissing the complaint upon the plaintiff's default in opposing the motion.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion to vacate the judgment entered November 14, 1989, is denied, and the judgment entered November 14, 1989, is reinstated.

The disposition of controversies on the merits is favored and, in furtherance of that policy, a default will be vacated upon a proper showing of a meritorious defense and an excusable default (see, Billings v Rao, 172 AD2d 472). The plaintiff contends that she lacked the necessary medical reports to respond to the defendant's motion for summary judgment. However, we find that the plaintiff's default was intentional and, therefore, inexcusable (see, Fok v Insurance Co., 151 AD2d 722).

The Supreme Court found that the plaintiff had satisfactorily explained her reason for returning to the doctor and undergoing Magnetic Resonance Imaging (hereinafter MRI) testing on September 5, 1989, which she was reluctant to have performed earlier. We disagree. Further, the unsworn medical reports of the plaintiff's doctor which were submitted upon her motion to vacate the default judgment were not sufficient to defeat the defendant's motion for summary judgment (see, Grasso v Angerami, 79 NY2d 813; Pagano v Kingsbury, 182 AD2d 268).

In any case, the report of the plaintiff's doctor, Charles A. Slanetz, dated January 28, 1988, noted that as of June 17, 1987, approximately two months after the accident, the plaintiff experienced no further neck pain and that no further medical therapy for the plaintiff's neck sprain has been required to date. After the defendant's motion for summary judgment had been granted and more than two years after the accident, the plaintiff submitted a medical report of Dr. Slanetz dated August 3, 1989, wherein he indicated that at the time of the plaintiff's last visit on June 21, 1989, the plaintiff reported that she had neck pain in damp weather and he suggested that an MRI of the plaintiff's neck might prove useful. Also submitted by the plaintiff is a medical report of Dr. Slanetz dated October 17, 1989, which indicated that an MRI of the plaintiff's cervical spine was performed on Septem-

ber 5, 1989. Allegedly, the MRI showed "a reversal of the curvature from 2 through C5 with a bulging disc at C3 to 4, combined with osteophyte ridging that causes indentation on the thecal sac of the cervical cord". No valid explanation was offered as to why these or similar medical reports could not have been prepared earlier, and there is no allegation, much less proof, that the plaintiff's condition deteriorated after the original motion for summary judgment had been made (see, Egan v Greene, 154 AD2d 574). Bracken, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.