■ CELESTE M. HURST, Respondent, v DEBORAH A. HILGENFELDT, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Orange County (Green, J.), dated December 11, 1990, which granted the plaintiff's motion for renewal, and upon renewal, (1) vacated a prior order of the same court, dated April 4, 1990, which had granted the defendant's motion for summary judgment dismissing the complaint, and (2) denied the defendant's motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion for renewal is denied, the order dated April 4, 1990, and the judgment dated May 1, 1990, entered thereon are reinstated, and the complaint is dismissed.

The instant action arose from an accident which occurred in September 1987. After issue was joined, the defendant moved for summary judgment, contending that the plaintiff did not sustain a "serious injury" within the purview of Insurance Law § 5102. Upon due consideration of the medical evidence submitted in support of, and in opposition to, the motion, the court, by order dated April 4, 1990, properly granted summary judgment in favor of the defendant *(see, Licari v Elliott,* 57 NY2d 230).

The plaintiff subsequently moved for renewal of her opposition to the defendant's original motion. Her motion was based on an unsworn medical report dated May 25, 1990. The court granted renewal, vacated its prior order, and denied summary judgment. We now reverse and reinstate the prior order.

Under the circumstances existing at bar, we conclude that the plaintiff inexcusably failed to lay bare her proof in opposi-

tion to the original motion, and failed to show a valid reason for granting leave to renew. No explanation was offered as to why this, or a similar medical report, could not have been prepared earlier, as there is no allegation, much less proof, that the plaintiff's medical condition deteriorated after the original motion for summary judgment was made *(see, Egan v Greene,* 154 AD2d 574, 575; *Gendjoian v Heaps,* 186 AD2d 534).

Although the defendant did not object to the fact that the medical report submitted by the plaintiff in support of renewal was unsworn, we observe that it was not in admissible form and would not have been sufficient to defeat the defendant's motion for summary judgment *(see, Grasso v Angerami,* 79 NY2d 813; *Pagano v Kingsbury,* 182 AD2d 268). Sullivan, J. P., Miller, Ritter and Pizzuto, JJ., concur.