■ PAMELA PALMER, Plaintiff, v D.J. BORDEN TOLEDO et al., Defendants. (Action No. 1.) TINA BRYANT, Plaintiff, v BUDGET RENT A CAR et al., Defendants. (Action No. 2.) DEBORAH BRADLEY, Respondent, v THEOROD PALMER et al., Appellants. (Action No. 3.) [698 NYS2d 272] —In related actions to recover damages for personal injuries, the defendants in Action No. 3 appeal from an order of the Supreme Court, Queens County (Golia, J.), dated October 27, 1998, which granted the plaintiff's motion for leave to renew and, upon renewal, vacated so much of a prior order of the same court, dated May 6, 1998, granting that branch of the defendants' motion which was for summary judgment dismissing the complaint in Action No. 3, and denied that branch of the motion.

Ordered that the order is reversed, on the law, with costs, the motion for leave to renew is denied, so much of the order dated May 6, 1998, as granted the defendants' motion for summary judgment dismissing the complaint in Action No. 3 is reinstated, and the complaint in Action No. 3 is dismissed.

The instant actions arose from a vehicular accident which occurred on August 16, 1994. The defendants in Action No. 3 moved, *inter alia*, for summary judgment dismissing the complaint in that action on the ground that the plaintiff in that action had not sustained a serious injury within the meaning of Insurance Law § 5102. By order dated May 6, 1998, the court *inter alia*, granted the motion.

The plaintiff subsequently moved for leave to renew based on affidavits of her treating and examining physicians, her own affidavit of merit, and a letter, presumably from her employer, stating that she did not work for over three months after the accident. The court granted renewal, vacated its prior order, and denied summary judgment. We reverse and reinstate the prior order.

It is well settled that a motion for leave to renew must be supported by new or additional facts which, although in existence at the time of a prior motion, were not known to the party seeking renewal, and, consequently, not made known to the court (*see, Matter of Brooklyn Welding Corp. v Chin,* 236 AD2d 392; *Foley v Roche,* 68 AD2d 558, 568). Here, the plaintiff failed to offer any explanation why the affidavits and letter submitted on the motion to renew were not made available earlier (*see, Star v Badillo,* 225 AD2d 610; *Hurst v Hilgenfeldt,* 189 AD2d 855; *Gendjoian v Heaps,* 186 AD2d 534). Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.