■ RAYMOND MILLER, Appellant, v JACK M. FEIN, Respondent. [702 NYS2d 858] —In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Pagones, J.), dated April 29, 1999, which denied his motion pursuant to CPLR 3404 to restore the action to the trial calendar, and (2) an order of the same court, dated July 19, 1999, which denied his motion to renew the prior motion to restore the action to the trial calendar.

Ordered that the orders are affirmed, with one bill of costs.

A plaintiff seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate (1) the merits of the case, (2) a reasonable excuse for the delay, (3) the absence of an intent to abandon the matter, and (4) the lack of prejudice to the defendant in the event the case is restored to the trial calendar (*see, Collins v New York City Health & Hosps. Corp.,* 266 AD2d 178; *Balducci v Brookdale Hosp. Med. Ctr.,* 265 AD2d 516; *Rudy v Chasky,* 260 AD2d 625). The plaintiff must satisfy all four components of the test before the dismissed case can be properly restored to the calendar (*see, Schwartz v Mandelbaum & Gluck,* 266 AD2d 273; *Collins v New York City Health & Hosps. Corp., supra*; *Aguilera v 366 Hewes St. Assocs.,* 265 AD2d 436; *Morgano v Man-Dell Food Stores,* 259 AD2d 679). Since the plaintiff in the instant case failed to meet any of the four components of the test, the court properly denied his motion to restore the case to the calendar.

In addition, the court properly denied the plaintiff's motion to renew his prior motion to restore. A motion to renew must be supported by new or additional facts which, although in existence at the time of a prior motion, were not known to the party seeking renewal and, consequently, not made known to the court (*see, Palmer v D.J. Borden Toledo,* 266 AD2d 268; *Fandy Corp. v Lung-Fong Chen,* 265 AD2d 450; *Natale v Samel & Assocs.,* 264 AD2d 384). Here, the new or additional facts set forth by the plaintiff in his motion to renew had been known to him at the time he made his original motion and he failed to set forth a valid explanation for failing to present those facts at that time (*see, Natale v Samel & Assocs., supra*; *Palmer v D.J. Borden Toledo, supra*). Mangano, P. J., Bracken, Joy and H. Miller, JJ., concur.