■ In the Matter of the Estate of CIATA COLONNA, Deceased. JULIE PENNY, Respondent; TANIT BUDAY, Appellant. [706 NYS2d 134] —In a proceeding pursuant to SCPA 2103 to discover property withheld from the decedent's estate, Tanit Buday appeals from (1) an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated October 7, 1998, which denied her motion to dismiss the petition as barred by the Statute of Limitations, and (2) so much of an order of the same court, dated May 29, 1999, as denied her motion for renewal.

Ordered that the order dated October 7, 1998, is affirmed; and it is further,

Ordered that the order dated May 29, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs payable by the appellant personally.

The Surrogate's Court properly denied the appellant's motion to dismiss the petition as time-barred. The petition pleaded with particularity that the appellant fraudulently concealed assets of the decedent (*see,* CPLR 3016 [b]). Accordingly, the applicable Statute of Limitations is six years from the date of the commission of the fraud or two years after its actual or imputed discovery, whichever is longer (*see,* CPLR 203 [g]; 213 [8]; *Matter of Kraus,* 208 AD2d 728, 729). Since the alleged fraud was discovered in December 1995, the instant proceeding, which was commenced in March 1997, was not barred by the Statute of Limitations.

The Surrogate's Court properly denied the appellant's motion for renewal. It is well settled that a motion for renewal must be supported by new or additional facts which, although in existence at the time of the original motion, were not known to the party seeking renewal, and, consequently, not made known to the court (*see, Palmer v Toledo,* 266 AD2d 268; *Matter of Brooklyn Welding Corp. v Chin,* 236 AD2d 392; *Foley v Roche,* 68 AD2d 558, 568). Here, the appellant failed to offer any explanation as to why the affidavits submitted on the motion to renew were not made available earlier (*see, Palmer v Toledo, supra; Foley v Roche, supra,* at 568).

The appellant's remaining contentions are without merit.

Contrary to the petitioner's contention, the imposition of a sanction against the appellant is not warranted (*see,* 22 NYCRR 130-1.1). O'Brien, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.