■ VANESSA RICCIO, Respondent, v ARMANDO DEPERALTA, Defendant, and JOYCE M. MARASCIULLO, Appellant. [711 NYS2d 17] —In an action to recover damages for personal injuries, the defendant Joyce M. Marasciullo appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (J. Leone, J.), dated June 10, 1999, as granted that branch of the plaintiff's motion which was for leave to reargue and renew her opposition to the prior cross

motion of the defendant Joyce M. Marasciullo for summary judgment dismissing the complaint insofar as asserted against her, which was granted by order of the same court dated March 5, 1999, and upon reargument and renewal, denied the cross motion.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the motion which was for renewal and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof denying the prior cross motion and substituting therefor a provision adhering to the prior determination in the order dated March 5, 1999; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

A motion for leave to renew must be supported by new or additional facts which, although in existence at the time of the prior motion, were not known to the party seeking renewal, and, consequently, were not made known to the court (*see, Palmer v Toledo,* 266 AD2d 268). Here, the plaintiff failed to offer a valid explanation as to why the affidavit of a co-passenger in the motor vehicle, submitted on the motion to renew, was not made available earlier (*see, Miller v Fein,* 269 AD2d 371; *Palmer v Toledo, supra*; *Natale v Samel & Assocs.,* 264 AD2d 384). Accordingly, the court improperly granted that branch of the plaintiff's motion which was for leave to renew her opposition to the appellant's cross motion.

We agree with the Supreme Court that a prior order of the same court dated July 20, 1998, did not constitute the law of the case with regard to the plaintiff's claim that liability attached to the appellant despite her timely assertion of the affirmative defense that the defendant Armando DePeralta did not have permission to use her vehicle. We disagree, however, with the court's determination that there are issues of fact which require the denial of the appellant's cross motion for summary judgment dismissing the complaint insofar as asserted against her. Upon reargument, the Supreme Court should have adhered to its prior determination granting the cross motion. Joy, J. P., Florio, H. Miller and Smith, JJ., concur.