KWANG BOK YI, Respondent, v SEONG AHN et al., Appellants. [718 NYS2d 625] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated January 5, 2000, which, in effect, granted the plaintiff's motion for leave to renew and, upon renewal, granted his prior motion to restore the action to the trial calendar, which was denied by order dated June 25, 1999.

Ordered that the order is reversed, as a matter of discretion, with costs, and the motion for leave to renew is denied.

The Supreme Court improvidently exercised its discretion by granting, in effect, the plaintiff's motion for leave to renew and, upon renewal, granting his prior motion to restore the action to the trial calendar. A motion for leave to renew must be supported by new or additional facts which, although in existence at the time of a prior motion, were not known to the party seeking renewal and, consequently, not made known to the court (*see, Miller v Fein,* 269 AD2d 371; *Palmer v Toledo,* 266 AD2d 268; *Fandy Corp. v Lung-Fong Chen,* 265 AD2d 450; CPLR 2221). Leave to renew should be denied unless the moving party offers a reasonable excuse as to why the additional facts were not submitted on the original application (*see, Matter of Shapiro v State of New York,* 259 AD2d 753; *Cannistra v Gibbons,* 224 AD2d 570, 571). Here, the allegedly new or additional facts set forth by the plaintiff in his motion for leave to renew were known to him at the time he made the original motion, and he did not set forth a valid explanation for failing to present those facts at that time. Bracken, J. P., Santucci, Altman and Florio, JJ., concur.