■ RICHARD WILLIAMS, Appellant, v PATRICK J. FITZSIMMONS, Also Known as JOSEPH P. FITZSIMMONS, Respondent, et al., Defendants. (Action No. 1.) PATRICK J. FITZSIMMONS, Respondent, v RICHARD WILLIAMS, Appellant. (Action No. 2.) [742 NYS2d 907] —In consolidated actions to foreclose a mortgage and rescind a real estate contract for the sale of real property, Richard Williams, the plaintiff in Action No. 1 and the defendant in Action No. 2, appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated April 16, 2001, which granted the motion of Patrick J. Fitzsimmons, also known as Joseph P. Fitzsimmons, a defendant in Action No. 1 and the plaintiff in Action No. 2, for leave to renew and, upon renewal, granted Fitzsimmons's prior motion to rescind a real estate contract and denied Williams's prior motion for summary judgment in the foreclosure action.

Ordered that the order is reversed, on the law, with costs, and the motion for leave to renew is denied.

A motion for leave to renew must be supported by new or additional facts "not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3] [eff. July 20, 1999]; *see Malik v Campbell,* 289 AD2d 540; *Good Samaritan Hosp. Med. Ctr. v Ruscito,* 287 AD2d 538; *Matter of Goetschius v Board of Educ.*

*of Greenburgh Eleven Union Free School Dist.,* 281 AD2d 418, 418-419; *Kwang Bok Yi v Seong Ahn,* 278 AD2d 372). Here, Patrick F. Fitzsimmons, the defendant in the foreclosure action and the plaintiff in the rescission action, failed to offer such justification. Accordingly, the Supreme Court erred in granting his renewal motion. O'Brien, J.P., Luciano, Townes and Crane, JJ., concur.