We think that this allegation in the answers of this defendant admitted sufficiently its connection with the hole or depression set forth in the complaint. That the place of the accident was within the prolonged house lines of both the southerly side of Fiftieth street and the westerly side of Third avenue, as these highways crossed each other, appears by the proofs taken at the trial. The permits from the city authorities, as received in evidence at the trial, required this defendant to replace the pavement of the highway wherever it disturbed the surface thereof.

We have reached the conclusion that the judgment and order in the action of Edith M. Wensley against both defendants should be affirmed, with costs, and that the judgment and order in the action of John Wensley should be affirmed, with costs, as to the defendant the Edison Electric Illuminating Company, and reversed as against the defendant the city of New York, and the complaint in said action should be dismissed as against said defendant, with costs. All concur.

(173 App. Div. 125)

### GIBSON v. NEW YORK CONSOL. R. CO.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

CARRIERS ⬠303(6)—PASSENGERS—ALIGHTING—SPACE BETWEEN CAR STEP AND PLATFORM.

A carrier of passengers is not liable for injury to alighting passenger, caused by his stepping into a 7½-inch space between the car step and station platform, in the absence of special circumstances, such as a crowd, necessitating warning by the carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1216, 1230, 1231; Dec. Dig. ⬠303(6).]

Appeal from Trial Term, New York County.

Action by Mary Gibson against the New York Consolidated Railroad Company. From a judgment for plaintiff, entered upon verdict after trial, defendant appeals. Reversed, and complaint dismissed.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

H. L. Warner, of New York City, for appellant.
Richmond J. Reese, of New York City, for respondent.

SMITH, J. The plaintiff with three children boarded one of the defendant's cars at Coney Island. After the passengers were in the car and she was seated, she ascertained that she was upon the wrong train, and started out with her children. In stepping off the platform of the car, her foot passed down between the step of the car and the station platform, injuring her leg and thereafter causing a miscarriage, as she alleges. She swears that the distance between the edge of the step and the station platform is 8½ inches. Her son, who was with her, swears to a distance of 7½ inches. The proof by the defendant's witnesses is that it could not have exceeded 5½ inches. The weight of the evidence is to the ef-

⬠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fect that the distance was from 5½ to 7½ inches. Upon this fact alone negligence seems to be charged. There was no crowd passing off the car which would require any warning to passengers generally. This space may be deemed within the evidence to be fairly necessary, so that the oscillations of a car as it passes the platform will not throw it into the platform. It may be assumed generally that where passengers are alighting they will watch their steps, unless the crowd is so intense that they cannot. It has therefore been held in Woolsey v. Brooklyn Heights R. R. Co., 123 App. Div. 631, 108 N. Y. Supp. 16, that a space of 10 inches between a step and the platform was not negligence of itself, but that circumstances might arise to impose upon a company the burden of giving warning of that space. In Lafflin v. Buffalo & Southwestern Ry. Co., 106 N. Y. 136, 12 N. E. 599, 60 Am. Rep. 433, it was held that a space of 11 inches between a step and the platform was not sufficient of itself to charge the defendant with negligence. To hold in the case at bar a maximum space of 7½ inches between the car step and the platform would be of itself proof of the defendant's negligence, which would authorize the plaintiff's recovery for injury therefrom, would in our judgment be wholly unwarranted, and the judgment must, therefore, be reversed, with costs, and the complaint dismissed, with costs. Order filed. All concur.