■ In the Matter of the Estate of MASHA TUMARKIN, Deceased. RICHARD P. GIRARD, as Executor, Respondent; MATTHEW GOLOGOR et al., Appellants. [653 NYS2d 6] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered February 2, 1996, which, *inter alia*, construed a will clause leaving to petitioner all property he "held jointly" with the decedent to include not just the properties held by the two as joint tenants but "all property of which they were co-owners, irrespective of the form in which title to the properties was held", unanimously affirmed, without costs.

The clause in question would be superfluous if construed to include only jointly held property since such property would, in any event, pass to the surviving tenant by operation of law (*see*, 24 NY Jur 2d, Cotenancy and Partition, § 22). Accordingly, absent evidence of a different intent, we construe the clause, as did the Surrogate, to include all property co-owned by the decedent and petitioner. Concur—Murphy, P. J., Rosenberger, Ellerin and Wallach, JJ.

■ KATHERINE KING, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [653 NYS2d 5] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered October 3, 1995, which granted defendant's motion for summary judgment dismissing the complaint and denied, as moot, plaintiff's cross motion for leave to file a late notice of claim or amend said notice nunc pro tunc, and to amend her complaint, unanimously affirmed, without costs.

It must be held, on constraint of *Martinez v Lazaroff* (48 NY2d 819), that the landlord's alleged failure to provide cold water in plaintiff's kitchen was not a proximate cause of her slipping on water she was collecting in a pot in the bathroom. In that regard, it makes no difference whether the intervening act was plaintiff's or another's (*see*, *Abreu v Stratford Realty Assocs.*, 208 AD2d 465). In view of foregoing, we need not reach the issues raised by plaintiff's cross motion. Concur—Murphy, P. J., Rosenberger, Ellerin and Wallach, JJ.