■ In the Matter of BROOKLYN WELDING CORPORATION, Appellant, v DAVID CHIN et al., Respondents. [653 NYS2d 631] —In a proceeding pursuant to CPLR article 78 to review a determination of the Department of Housing Preservation and Development of the City of New York, dated March 26, 1991, which found that the petitioner had defaulted under several contracts with the City, the petitioner appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), entered May 30, 1995, which denied its motion to, in effect, reargue its petition.

Ordered that the appeal is dismissed, with costs.

In this CPLR article 78 proceeding, the petitioner made a motion pursuant to CPLR 2221 denominated as one for leave to renew its petition to review a determination of the Department of Housing Preservation and Development of the City of New York which found that the petitioner had defaulted under several contracts with the City. The Supreme Court, Kings County, denied the petitioner's motion.

It is well settled that a motion for leave to renew must be supported by new or additional facts which, although in existence at the time of a prior motion, were not known to the party seeking renewal, and, consequently, not made known to the court (see, Foley v Roche, 68 AD2d 558, 568; CPLR 2221). Here, the petitioner's motion was based on a claim of newly-discovered evidence, namely, a series of documents obtained through discovery in a separate action, primarily consisting of correspondence between the respondents concerning negotiations of the subject contracts with the petitioner. However, the substance of these documents presented neither new nor additional facts not known to the petitioner at the time of the CPLR article 78 proceeding. Rather, they merely represented summaries of negotiations in which the petitioner had played an active and important role, and thus already had substantive knowledge of (see, Pahl Equip. Corp. v Kassis, 182 AD2d 22, 27). Indeed, the alleged "new" facts were precisely the same facts the petitioner had set forth at both the administrative hearing on the default issue and the CPLR article 78 proceeding to support its argument that the contracts had been orally modified. To the extent that the petitioner now asserts the claims of mutual or unilateral mistake, renewal is not available where a party moves "on a different legal argument merely because he was unsuccessful upon the original application" (Foley v Roche, supra, at 568). Accordingly, the plaintiff's motion was, in effect, for reargument, the denial of

which is not appealable (*see, Chiarella v Quitoni*, 178 AD2d 502; *Mucciola v City of New York*, 177 AD2d 553). Bracken, J. P., O'Brien, Thompson and Pizzuto, JJ., concur.