■ VICTOR GUERRERO, Respondent, v DUBLIN UP CORP. OF NEW YORK et al., Appellants. [687 NYS2d 721] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Emerson, J.), dated March 13, 1998, which denied their motion for leave to renew the plaintiff's motion to enter judgment against them on the issue of liability upon their failure to appear or answer, which motion was granted by an order of the same court (Newmark, J.), dated September 25, 1997.

Ordered that the order is affirmed, with costs.

The defendants moved for leave to renew a motion by the plaintiff to enter a judgment as to liability against the defendants upon their failure to appear or answer. However, because the allegedly new and additional facts proffered by the defendants in support of their motion for renewal were readily available at the time of their original opposition to the plaintiff's motion, such facts did not constitute newly-discovered evidence within the meaning of CPLR 2221 (*see, Matter of Brooklyn Welding Corp. v Chin,* 236 AD2d 392; *Foley v Roche,* 68 AD2d 558). Thus, on this record, including the defendants' failure to proffer a reasonable excuse for not having adduced the omitted information prior to their motion to renew, the Supreme Court did not improvidently exercise its discretion in denying leave to renew. O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.