■ GEORGE J. DUFFY, Respondent, v J. KOKOLAKIS CONTRACTING, INC., Appellant, et al., Defendant. (And Third-Party Actions.) [717 NYS2d 911] —In an action to recover damages for personal injuries, the defendant J. Kokolakis Contracting, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated August 20, 1998, as granted the plaintiff's motion for summary judgment on his cause of action pursuant to Labor Law § 240 (1).

fendant J. Kokolakis Contracting, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated September 30, 1999, as denied those branches of its motion which were to renew so much of a prior order of the same court, dated August 20, 1998, as granted the plaintiff's motion for summary judgment on his cause of action pursuant to Labor Law § 240 (1), and for summary judgment on its causes of action for contractual and common-law indemnity asserted in the second third-party complaint.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was to renew, and substituting therefor a provision granting renewal, and upon renewal, adhering to so much of the order dated August 20, 1998, as granted the plaintiff's motion for summary judgment on his cause of action pursuant to Labor Law § 240 (1); as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In support of its motion to renew, the appellant submitted the testimony of Michael Burke, the owner of the second third-party defendant M&D Metals, and the testimony of two of its own employees. The employees' testimony did not constitute new or additional facts which, although in existence at the time of the plaintiff's prior motion, were not known to the appellant (*see, Matter of Brooklyn Welding Corp. v Chin,* 236 AD2d 392; *see also, Guerrero v Dublin Up Corp.,* 260 AD2d 435). Since the appellant did not proffer a reasonable explanation for having failed to present such testimony in support of its original opposition to the plaintiff's motion, such testimony does not warrant renewal (*see, Natale v Samel & Assocs.,* 264 AD2d 384; *Guerrero v Dublin Up Corp., supra*).

The testimony of Burke did, however, provide new and additional facts not known or available to the appellant at the time of the original motion and, accordingly, the Supreme Court improvidently exercised its discretion in denying the appellant's motion for renewal based on that testimony (*see, Guerrero v Dublin Up Corp., supra; Matter of Brooklyn Welding Corp. v Chin, supra*). Nevertheless, the new evidence proffered by the appellant was insufficient to raise a triable issue of fact (*see, Weininger v Hagedorn & Co.,* 91 NY2d 958; *Stolt v General Foods Corp.,* 81 NY2d 918; *Jastrzebski v North Shore School Dist.,* 223 AD2d 677, *affd* 88 NY2d 946; *Elkins v Robbins & Cowan,* 237 AD2d 404). Accordingly, upon renewal, so much of the order dated August 20, 1998, as granted the plaintiff's motion for summary judgment on his cause of action pursuant to Labor Law § 240 (1) is adhered to.

The Supreme Court properly denied that branch of the appellant's motion which was for summary judgment on its causes of action for contractual and common-law indemnity asserted in its second third-party complaint. Contrary to the appellant's contention, there are questions of fact which preclude summary judgment on those causes of action (*see, Edholm v Smithtown DiCanio Org.*, 217 AD2d 569). Finally, to the extent that the provision of the contract relied on by the appellant may be construed to require M&D Metals to indemnify the appellant for its own negligence, such provision is void as against public policy (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786; General Obligations Law § 5-322.1). O'Brien, J. P., Ritter, Santucci and Schmidt, JJ., concur.