■ WESLEY C. FORD, Respondent, v BARRY M. LASKY et al., Appellants. [752 NYS2d 563] —In an action to recover damages for legal malpractice, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Alpert, J.), dated October 25, 2001, which granted the plaintiff's motion for leave to enter judgment against them upon their default in appearing or answering, and denied their cross motion to vacate their default and compel the plaintiff to accept their late answer, and (2) an order of the same court, dated March 26, 2002, which denied their motion for leave to renew and reargue.

Ordered that the appeal from so much of the order dated March 26, 2002, as denied that branch of the defendants' motion which was for leave to reargue is dismissed, as no appeal

lies from the denial of a motion for leave to reargue; and it is further,

Ordered that the order dated March 26, 2002, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated October 25, 2001, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to enter judgment against the defendants upon their default in appearing or answering and in denying the defendants' cross motion to compel the plaintiff to accept their answer, given their failure to demonstrate a reasonable excuse for their default (*see Martyn v Jones,* 166 AD2d 508; *Peters v Pickard,* 143 AD2d 81, 82; *cf. Hazen v Bottiglieri,* 286 AD2d 708; *Miles v Blue Label Trucking,* 232 AD2d 382, 383).

Further, the Supreme Court properly denied that branch of the defendants' motion which was for leave to renew, as it was based on evidence that could have been discovered earlier with due diligence (*see* CPLR 2221 [e]; *Matter of Allstate Ins. Co. v Taddeo,* 285 AD2d 503), or would not have altered the outcome on the underlying motion (*see Young v Augros, Inc.,* 269 AD2d 594; *Amodeo v State of New York,* 257 AD2d 748, 749; *Suffolk & Nassau Amusement Co. v Wurlitzer Co.,* 24 AD2d 893, 894).

The defendants' remaining contentions are without merit. Ritter, J.P., Goldstein, Crane and Mastro, JJ., concur.