■ DOLORES YARDE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendant. [771 NYS2d 185]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Kings County (Bruno, J.), dated March 22, 2002, which, inter alia, granted the cross motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it and denied her motion for leave to file a note of issue, and (2) an order of the same court dated March 18, 2003, which denied her motion for leave to renew and reargue.

Ordered that the appeal from so much of the order dated March 18, 2003, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated March 18, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that the order and judgment dated March 22, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The defendant New York City Transit Authority (hereinafter the defendant) established its entitlement to judgment as a matter of law, thereby shifting the burden to the plaintiff to submit admissible evidence raising a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). In opposition to the defendant's cross motion, the plaintiff failed to come forward with evidence sufficient to raise a triable issue of fact as to whether the mere existence of a five-inch gap between the platform of the subway station and the door of the subway car constituted negligence (*see Winegrad v New York Univ. Med. Ctr.*, *supra*; *Ryan v Manhattan Ry. Co.*, 121 NY 126 [1890]; *Lang*

*v Interborough R.T. Co.,* 193 App Div 56 [1920]; *Gibson v New York Consol. R.R. Co.,* 173 App Div 125 [1916]; *Smith v Brooklyn Hgts. R.R. Co.,* 129 App Div 635 [1908]; *Tomayo v Murray,* 173 Misc 728 [1940]). Accordingly, the Supreme Court properly granted the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it and properly denied the plaintiff's motion for leave to file a note of issue.

A motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior determination," and the movant must state a "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e]; *see Riccio v DePeralta,* 274 AD2d 384, 385 [2000]; *Greene v New York City Hous. Auth.,* 283 AD2d 458, 459 [2001]; *Morrison v Rosenberg,* 278 AD2d 392 [2000]; *Palmer v Toledo,* 266 AD2d 268, 269 [1999]). Here, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew since it was based on evidence that could have been discovered earlier with due diligence (*see Ford v Lasky,* 300 AD2d 536, 537 [2002]; *Matter of Allstate Ins. Co. v Taddeo,* 285 AD2d 503 [2001]; *see also Konecky v Horowitz,* 177 AD2d 685, 686 [1991]). Santucci, J.P., Schmidt, Adams and Crane, JJ., concur.