■ In the Matter of PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Appellant, v RICHARD E. FRENKEL, Respondent. [777 NYS2d 652]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist

benefits, the petitioner appeals from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 13, 2003, which denied the petition and dismissed the proceeding for failure to properly commence the proceeding in accordance with CPLR 304 and 306, and (2) an order of the same court entered December 1, 2003, which denied its motion for leave to reargue and renew.

Ordered that so much of the appeal from the order dated December 1, 2003, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from the denial of reargument; and it is further,

Ordered that the order dated December 1, 2003, is reversed insofar as reviewed, on the law, that branch of the motion which was for leave to renew is granted, upon renewal, the order dated May 13, 2003, is vacated, the petition is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a determination on the merits of the petition; and it is further,

Ordered that the appeal from the order entered May 13, 2003, is dismissed as academic, in light of our determination on the appeal from the order dated December 1, 2003; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

"[A] motion for leave to renew must be supported by new or additional facts which, although in existence at the time of a prior motion, were not known to the party seeking renewal, and consequently, not made known to the court" (*Matter of Brooklyn Welding Corp. v Chin*, 236 AD2d 392 [1997]). Although a motion for leave to renew should be based on newly-discovered evidence, the rule is flexible, and a court has discretion to grant the motion upon facts known to the movant at the time of the original motion where the movant offers a reasonable justification for the failure to submit the additional facts on the original motion (*see Bloom v Primus Automotive Fin. Servs.*, 292 AD2d 410 [2002]).

In support of that branch of its motion which was for leave to renew, the petitioner established that it properly commenced the proceeding by submitting a copy of the notice of petition which was dated December 11, 2002, and date-stamped by the county clerk with the same date (*see* CPLR 304; *Matter of Eagle Ins. Co. v Brown*, 309 AD2d 749, 750 [2003]). Further, the petitioner asserted a reasonable excuse for its previous failure to submit this evidence. Thus, the Supreme Court should have granted that branch of the petitioner's motion which was for leave to renew, and upon renewal, reinstated the petition. Since the parties did not litigate the merits of the petition, the matter

must be remitted to Supreme Court, Westchester County, for a determination of the merits of the petition. S. Miller, J.P., Adams, Cozier and Rivera, JJ., concur.