(November 14, 2005)

■ ALLSTATE INSURANCE COMPANY, Respondent, v JAMES P. DAVIS, Appellant, et al., Defendants. [803 NYS2d 923]—

In a subrogation action, the defendant James P. Davis appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 18, 2004, which denied his motion properly denominated as one for leave to renew but incorrectly treated as one for leave to reargue, his prior motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, without costs or disbursements.

"[A] motion for leave to renew must be supported by new or additional facts which, although in existence at the time of a prior motion, were not known to the party seeking renewal, and, consequently, not made known to the court" (*Matter of Brooklyn Welding Corp. v Chin*, 236 AD2d 392 [1997]). However, this rule is flexible, and a court has discretion to grant the motion upon facts known to the movant at the time of the original motion where the movant provides a reasonable justification for the failure to submit the additional facts on the original motion (*see Matter of Progressive Northeastern Ins. Co. v Frenkel*, 8 AD3d 390, 391 [2004]; *Bloom v Primus Automotive Fin. Servs.*, 292 AD2d 410 [2002]).

Although the Supreme Court incorrectly treated the appellant's motion as one for leave to reargue, as opposed to one for leave to renew, the court nonetheless properly denied the motion. The motion was based upon evidence that, with due diligence, could have been discovered earlier (*see Yarde v New York City Tr. Auth.*, 4 AD3d 352, 353 [2004]; *Ford v Lasky*, 300 AD2d 536, 537 [2002]). H. Miller, J.P., Cozier, Ritter and Dillon, JJ., concur.