■ HERIBERTO PENA, Appellant, v NEW YORK MEXICANA CAR & LIMOUSINE SERVICE CORPORATION et al., Respondents. [819 NYS2d 51]—

In an action, inter alia, for an accounting, and to recover punitive damages and counsel fees, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), entered August 27, 2004, as denied that branch of his motion which was for leave to renew his opposition to the defendants' prior motion for summary judgment dismissing the complaint, which motion was granted in a prior order of the same court dated March 14, 2002, and upon granting that branch of his motion which was for leave to reargue the prior motion for summary judgment, adhered to the prior order.

Ordered that the order entered August 27, 2004 is affirmed insofar as appealed from, with costs.

The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, finding that the parties had contractually agreed to arbitrate disputes. In addition, the Supreme Court denied that branch of the plaintiff's motion which was for leave to renew, granted that branch which was for leave to reargue, and adhered to its prior determination.

That branch of the plaintiff's motion which was for leave to renew was properly denied. "[A] motion for leave to renew must be supported by new or additional facts which, although in existence at the time of a prior motion, were not known to the party seeking renewal, and, consequently, not made known to the court" (*Allstate Ins. Co. v Davis*, 23 AD3d 418, 419 [2005] [internal quotation marks omitted]; *see Matter of Brooklyn Welding Corp. v Chin*, 236 AD2d 392 [1997]). In support of his motion for leave to renew, the plaintiff presented a videotape of the shareholder's meeting purporting to show that he and the other shareholders were fraudulently induced to sign a shareholder's agreement in blank. He averred that the defendants prevented him from gaining access to the tape. However, because the plaintiff was present at the meeting where he and the other shareholders signed the blank shareholder's agreement document, he did not offer a reasonable excuse as to why he failed to raise this claim in his opposition to the defendants' motion for summary judgment.

The Supreme Court properly adhered to its determination granting summary judgment to the defendants upon reargument. In addition, the plaintiff's contention that the court overlooked a purported conflict of interest, in that the defendants' counsel on the motion for summary judgment also conducted the shareholders meeting at which he allegedly fraudulently induced the plaintiff to sign the agreement, was not presented in his original opposition to the motion for summary judgment, and thus, was not properly made on reargument. Ritter, J.P., Mastro, Lunn and Covello, JJ., concur.