■ Anastasios Hatzioannides et al., Respondents, v City of New York et al., Respondents, H.H.M. Associates, Inc., et al., Appellant-Respondent, C.A.C. Industries, Inc., Respondent-Appellant, et al., Defendants. (Action No. 1.) Lochan Jaikaran et al., Respondents, v H.H.M. Associates, Inc., Appellant-Respondent, and C.A.C. Industries, Inc., Respondent-Appellant. (Action No. 2.) [833 NYS2d 630]—

In consolidated actions and a related action, inter alia, to recover for property damage, the defendant H.H.M. Associates, Inc., appeals from (1) so much of an order of the Supreme Court, Queens County (Elliot, J.), dated August 29, 2005, as denied its motion for summary judgment dismissing the complaints and all cross claims insofar as asserted against it in both actions, and (2) so much of an order of the same court entered May 30, 2006, as denied its motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue its prior motion, and the defendant C.A.C. Industries, Inc., cross-appeals from (1) so much of the order dated August 29, 2005, as denied its cross motion for summary judgment dismissing the complaints and all cross claims insofar as asserted against it in both actions, and (2) so much of the order entered May 30, 2006, as denied its cross motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue its prior cross motion.

Ordered that the appeal and cross-appeal from the order entered May 30, 2006 are dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 29, 2005 is reversed insofar as appealed from, on the law, the motion of the defendant H.H.M. Associates, Inc., for summary judgment dismissing the complaints and all cross claims insofar as asserted against it in both actions is granted; and it is further,

Ordered that the order dated August 29, 2005 is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant H.H.M. Associates, Inc., payable by the respondents in action

No. 1, and one bill of costs is awarded to the respondents in action No. 1 payable by the C.A.C. Industries, Inc.

In 1997 the defendant City of New York and/or the defendant New York City Municipal Water Finance Authority (hereinafter the Authority) contracted with the defendant H.H.M. Associates, Inc. (hereinafter HHM), to replace existing water mains between 84th Avenue and an eastbound service road of the Grand Central Parkway at 159th, 160th, and 161st Streets. HHM performed this work in March 1999. The City and/or the Authority also contracted with the defendant C.A.C. Industries, Inc. (hereinafter CAC), in 2000 to replace a portion of a sewer pipe on 84th Avenue between 159th and 160th Streets. CAC performed this work in September 2000. After digging its trench for this work, CAC determined that there was a broken tap in the water main on 84th Avenue adjacent to the trench and attempted to fix it. In September 2000 several residents living on 84th Avenue and 159th Street began noticing that water continually came up from the street and pooled at the intersection of 84th Avenue and 159th Street.

In January 2001 the plaintiffs, individuals living on 84th Avenue and 159th Street, were forced to evacuate their residences when their houses began to sink. Subsequent investigations determined that this sinking was caused by a water main break at 84th Avenue, near its intersection with 159th Street. The plaintiffs thereafter brought several actions against, inter alia, HHM and CAC, which were consolidated into the instant actions, claiming that HHM and CAC's defective work caused the damage to their residences. HHM thereafter moved, and CAC cross-moved, for summary judgment dismissing the complaints and all cross claims insofar as asserted against them. In the first order appealed from, the Supreme Court, inter alia, denied the motion and cross motion. In the second order appealed from, the Supreme Court denied HHM's motion and CAC's cross motion, in effect, for reargument. HHM appeals, and CAC cross-appeals, from each of these orders.

The Supreme Court erred in denying HHM's motion for summary judgment. HHM established its prima facie entitlement to judgment as a matter of law by demonstrating that the water main break that caused damage to the plaintiffs' houses occurred 10 feet south of the northern curb line of 84th Avenue, and 9 feet east of the eastern curb line of 159th Street on 84th Avenue at its intersection with 159th Street, while HHM's work occurred north of the northern curb line of 84th Avenue, on 159th Street, and that the water main that broke was an older water main from 1949 that was constructed of cast iron, while

the water main that HHM replaced was laid in 1999 and made of ductile iron.

This evidence was sufficient to establish HHM's prima facie entitlement to judgment as a matter of law on the issue of whether it caused the damage to the plaintiffs' houses (see *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In opposition, the plaintiffs, the City, and the Authority failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp., supra*; *Zuckerman v City of New York, supra*).

The Supreme Court properly denied CAC's cross motion for summary judgment. CAC failed to establish its prima facie entitlement to judgment as a matter of law on the issue of whether it caused the damage to the plaintiffs' houses (see *Alvarez v Prospect Hosp., supra*; *Zuckerman v City of New York, supra*).

With regard to the motion and cross motion denominated as being for leave to renew and reargue, pursuant to CPLR 2221 (e), a motion for leave to renew, inter alia, "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" and it "shall contain reasonable justification for the failure to present such facts on the prior motion." Since CAC's motion and HHM's cross motion were based upon evidence that could have been discovered earlier with due diligence, and because that evidence was merely cumulative to the evidence presented in support of the initial motion and cross motion for summary judgment, the subsequent motion and cross motion, though denominated as being for leave to renew and reargue, were, in actuality for leave to reargue, the denial of which is not appealable (see *Salgado v Ring*, 21 AD3d 363 [2005]). Rivera, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.