■ PEARL SCHLESINGER et al., Appellants, v HARLEYSVILLE WORCESTER INSURANCE COMPANY, Respondent. [838 NYS2d 611]—

In an action to recover damages for breach of an insurance contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Johnson, J.), dated April 4, 2006, which denied their motion for leave to renew their opposition to the defendant's prior motion for summary judgment dismissing the complaint, which had been granted in an order of the same court dated May 11, 2005, and for leave to renew their cross motion for summary judgment on the issue of liability, which had been denied in the order dated May 11, 2005.

Ordered that the order dated April 4, 2006 is affirmed, with costs.

In September 2003 a building owned by the plaintiffs sustained damage, including cracking and settlement, due to a loss of foundational soil support. The loss of soil support resulted from excavation performed on the adjoining property in preparation for the construction of a new building. The defendant insurance company denied coverage and, in March 2004 the plaintiffs commenced this action to recover damages for breach of an insurance contract.

By notice of motion dated November 30, 2004, the defendant moved for summary judgment dismissing the complaint on the ground that the insurance policy contains an exclusion for loss caused by negligent construction on or off the premises. It presented evidence that the adjoining landowners had received notices of construction violations from the New York City Department of Buildings as well as the affidavit of an engineer who had inspected the premises in November 2003. Based on his inspection, the engineer concluded that the excavation on the adjoining property compromised the structural support of the plaintiffs' building.

The plaintiffs cross-moved for summary judgment on the issue of liability, arguing that the policy's exclusion for loss caused by negligent "construction" did not include loss caused by

negligent "excavation." In an order dated May 11, 2005, the Supreme Court found that "construction" encompassed "excavation," granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiffs' cross motion.

In November 2005 the plaintiffs moved for leave to renew their opposition to the defendant's motion and their cross motion. They contended that since the time of the prior motions, engineers who had inspected the property determined that the excavation had caused significant impairment of the structural integrity of the building and ordered that the building be vacated until repaired. The plaintiffs contended that these assertedly new facts, presented in part in inadmissable form, trigger a separate provision in the policy specifically covering loss caused by defective construction involving "collapse."

The Supreme Court properly denied the motion for leave to renew. The plaintiffs presented no evidence as to whether the alleged new facts could have been ascertained at the time of the original motions. Thus, they failed to present a reasonable justification for their failure to present such facts on the prior motion and cross motion (*see* CPLR 2221 [e] [3]; *Allstate Ins. Co. v Davis*, 23 AD3d 418, 419 [2005]; *Renna v Gullo*, 19 AD3d 472, 473 [2005]; *Natale v Samel & Assoc.*, 264 AD2d 384, 385 [1999]). Crane, J.P., Goldstein, Covello and Dickerson, JJ., concur.