■ SALVATORE RASIZZI et al., Appellants, v NYC SCHOOL CON-STRUCTION AUTHORITY et al., Respondents. [907 NYS2d 884]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kerrigan, J.), dated November 5, 2009, which denied their motion for leave to renew their motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, which had been denied in an order of the same court dated September 17, 2009.

Ordered that the order dated November 5, 2009, is affirmed, with costs.

CPLR 2221 (e) provides, in pertinent part, that a motion for leave to renew shall be "based upon new facts not offered on the prior motion that would change the prior determination," and shall contain a "reasonable justification for the failure to present such facts on the prior motion" (*Yarde v New York City Tr. Auth.*, 4 AD3d 352, 353 [2004]). In the instant case, the Supreme Court properly denied the plaintiffs' motion for leave to renew, since the information and documents submitted in their motion failed to meet those criteria. The plaintiffs failed to provide a reasonable justification for their failure to submit the allegedly new information on their original motion. Further, the information submitted, which included several documents which allegedly gave the respondents notice of the "essential facts constituting the claim" (General Municipal Law § 50-e [5]), were insufficient to give the respondents such notice (*see Matter of Grande v City of New York*, 48 AD3d 565, 566 [2008]). Therefore, the allegedly new information was insufficient to change the court's prior determination. Dillon, J.P., Balkin, Chambers and Sgroi, JJ., concur.