■ AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, Respondent, v KAGOR REALTY Co. LLC et al., Defendants, and STAR INSURANCE CORPORATION, Appellant. [5 NYS3d 32]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered January 3, 2013, which granted the motion of plaintiff American International Speciality Lines (AISLIC) for summary judgment declaring that AISLIC had no duty to defend or indemnify in the underlying personal action, and denied the cross motion of defendant Star Insurance Company (Star) for summary judgment, unanimously affirmed, without costs. Order, same court and Justice, entered November 13, 2013, which, inter alia, denied Star's motion to renew, unanimously affirmed, without costs.

The purpose of the subject policy's "retroactive date" was to provide coverage to claims made during the policy period that were based on events that took place after a particular date. Thus, the insured in this case was required to prove that a pollution incident commenced after the retroactive date (*see Pritchard v Federated Mut. Ins. Co.*, 1995 WL 854775, \*7, \*10 [WD Tenn, Oct. 2, 1995, No. 93-2765-TUA]). Here, the record amply demonstrates that the lead paint pollution conditions that were alleged to have caused the infant plaintiff's bodily injuries commenced prior to the June 9, 1996 retroactive date. Moreover, because there is no coverage under the policy for such a claim, as opposed to an operative exclusionary clause, the motion court correctly found that AISLIC was not estopped pursuant to Insurance Law § 3420 (d) from enforcing the retroactive date (*see Fair Price Med. Supply Corp. v Travelers Indem. Co.*, 10 NY3d 556, 563-564 [2008]).

Although Star maintains that there is an ambiguity because the original AISLIC policy's declarations omitted reference to the coverage parts that were subject to the retroactive date, "[c]ourts are obliged to interpret a contract so as to give meaning to all of its terms" (*Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc.*, 87 AD3d 65, 70 [1st Dept 2011] [internal quotation marks omitted]). As the motion court determined, the only reasonable interpretation is that the retroactive date applies to third-party claims insured under Coverage C and Coverage F, such as here.

Star's motion to renew was properly denied, as the "new" evidence submitted by Star did not warrant a different finding than that previously reached by the motion court (*see e.g. Matter of Weinberg*, 132 AD2d 190, 209-211 [1st Dept 1987], *lv dismissed* 71 NY2d 994 [1988]; CPLR 2221 [e] [2]). Concur—Gonzalez, P.J., Mazzarelli, Acosta, Moskowitz and DeGrasse, JJ. **[Prior Case History: 2012 NY Slip Op 33089(U).]**