■ ASHLEY VARELA, Appellant, v MARY M. CLARK et al., Respondents. [21 NYS3d 331]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Sweeney, J.), dated April 16, 2014, which denied her motion for leave to renew and reargue her prior motion for summary judgment on the issue of liability, which had been denied in an order of the same court dated May 13, 2013.

Ordered that the appeal from so much of the order dated April 16, 2014, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In this action arising out of a collision between the plaintiff's and the defendants' vehicles, the plaintiff moved for summary judgment on the issue of liability. In an order dated May 13, 2013, the Supreme Court denied the motion on the ground that there were issues of fact as to the plaintiff's comparative negligence. After depositions were conducted, the plaintiff moved for leave to renew and reargue her motion. In support

of that branch of her motion which was for leave to renew, the plaintiff submitted deposition testimony of the two drivers, which had been taken after the decision on her original motion. She contended that the deposition testimony constituted new facts. The Supreme Court denied the plaintiff's motion, and the plaintiff appeals.

A motion to renew pursuant to CPLR 2221 (e) "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination," and it "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Hatzioannides v City of New York*, 39 AD3d 706, 708 [2007]). "Leave to renew is not warranted where the factual material adduced in connection with the subsequent motion is merely cumulative with respect to the factual material submitted in connection with the original motion" (*Stone v Bridgehampton Race Circuit*, 244 AD2d 403, 403 [1997]; *see Yerushalmi v Yerushalmi*, 82 AD3d 1217, 1217-1218 [2011]; *Matter of Orange & Rockland Util. v Assessor of Town of Haverstraw*, 304 AD2d 668, 669 [2003]).

Here, the facts adduced from the deposition testimony were essentially the same as those stated in the drivers' affidavits that had been submitted in connection to the original motion. Since the evidence presented by the plaintiff was merely cumulative to the evidence presented in support of the initial motion, leave to renew was correctly denied (*see Yerushalmi v Yerushalmi*, 82 AD3d at 1218). Balkin, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.