■ JAMES A. BRANNIGAN, Plaintiff, v CHRISTIE OVERHEAD DOOR et al., Defendants, and ROBERT J. BRANNIGAN et al., Defendants/Third-Party Plaintiffs-Respondents. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY et al., Third-Party Defendants-Appellants. [52 NYS3d 423]—

In an action to recover damages for personal injuries, the third-party defendants appeal from an order of the Supreme Court, Kings County (Toussaint, J.), dated August 7, 2015, which granted the third-party plaintiffs' cross motion, in effect, for leave to renew that branch of their prior cross motion which was for summary judgment declaring that the third-party defendant Nationwide Mutual Fire Insurance Company is obligated to defend them in the main action, which had been denied in an order of the same court dated May 21, 2014, and, upon renewal, vacated the prior determination in the order dated May 21, 2014, and thereupon granted that branch of the cross motion.

Ordered that the order dated August 7, 2015, is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the third-party defendant Nationwide Mutual Fire Insurance Company is obligated to defend the third-party plaintiffs in the main action.

The plaintiff in the main action is seeking to recover damages for personal injuries sustained by him at his parents' home. He named his parents, among others, as defendants. The plaintiff's parents (hereinafter the third-party plaintiffs), in turn, commenced a third-party action against their insurer, Nationwide Mutual Fire Insurance Company, and its representative (hereinafter together Nationwide), seeking, among other things, a declaration that Nationwide is obligated to defend them in the main action. Nationwide had declined to

defend the third-party plaintiffs in the main action in reliance on an exclusion in the subject insurance policy relating to persons residing at the insured premises. Indeed, the plaintiff had alleged in his complaint that he resided at his parents' home. Nationwide moved to dismiss the third-party complaint, the third-party plaintiffs cross-moved, inter alia, for summary judgment declaring that Nationwide is obligated to defend them in the main action, and the plaintiff moved for leave to serve an amended complaint in the main action, essentially to remove the allegation that he resided at his parents' home. In an order dated May 21, 2014, the Supreme Court granted the plaintiff's motion for leave to serve an amended complaint, and denied, without prejudice, both Nationwide's motion and the third-party plaintiffs' cross motion. Subsequently, the third-party plaintiffs cross moved, in effect, for leave to renew that branch of their prior cross motion which was for summary judgment declaring that Nationwide is obligated to defend them in the main action. The Supreme Court granted the cross motion and, upon renewal, vacated the determination in the order dated May 21, 2014, denying that branch of the third-party plaintiffs' prior cross motion which was for summary judgment declaring that Nationwide is obligated to defend them in the main action, and thereupon granted that branch of the cross motion. Nationwide appeals.

A motion pursuant to CPLR 2221 (e) for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination," and it "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; see *Varela v Clark*, 134 AD3d 925, 926 [2015]; *Hatzioannides v City of New York*, 39 AD3d 706, 708 [2007]). Here, the order dated May 21, 2014, granting the plaintiff's motion for leave to serve an amended complaint, directly affected the issues in the third-party action. The duty of an insurer to provide a defense for its insured is "exceedingly broad," and it arises "whenever the allegations of the complaint suggest . . . a reasonable possibility of coverage" (*Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 37 [2010] [internal quotation marks omitted]). Accordingly, "a liability insurer has a duty to defend its insured in a pending lawsuit if the pleadings allege a covered occurrence," even if "facts outside the four corners of those pleadings indicate that the claim may be meritless or not covered" (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 63 [1991]).

The fact that the Supreme Court's order granting the

plaintiff leave to amend his complaint did not exist at the time of the third-party plaintiffs' original cross motion for summary judgment provided a reasonable justification for the third-party plaintiffs' failure to present that order on their initial cross motion (see CPLR 2221 [e] [3]). Moreover, in light of the amendment to the complaint, which, for pleading purposes, took the incident out of the ambit of Nationwide's policy exclusion (see Brannigan v Christie Overhead Door, 149 AD3d 892 [2017]), there was a "reasonable possibility of coverage" under the policy (Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d at 37; cf. American Intl. Specialty Lines Ins. Co. v Kagor Realty Co. LLC, 125 AD3d 572, 573 [2015]). Thus, the third-party plaintiffs also established that the new facts were sufficient to change the prior determination as to Nationwide's duty to defend (see CPLR 2221 [e] [2]). Accordingly, the Supreme Court did not improvidently exercise its discretion in granting the third-party plaintiffs' cross motion, in effect, for leave to renew.

In opposition to the third-party plaintiffs' prima facie showing that Nationwide had a duty to defend them in the main action, Nationwide failed to raise a triable issue of fact (see Zraj Olean, LLC v Erie Ins. Co. of N.Y., 134 AD3d 1557, 1561 [2015]).

Nationwide's remaining contentions are without merit.

Accordingly, upon renewal, the Supreme Court properly granted that branch of the third-party plaintiffs' cross motion which was for summary judgment declaring that Nationwide is obligated to defend them in the main action.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that Nationwide is obligated to defend the third-party plaintiffs in the main action (see Lanza v Wagner, 11 NY2d 317, 334 [1962]). Rivera, J.P., Balkin, Chambers and Cohen, JJ., concur.