**Saminion v 581-583 Realty LLC**

2024 NY Slip Op 30922(U)

March 19, 2024

Supreme Court, Kings County

Docket Number: Index No. 9802/2014

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------x
JUAN LUIS SANCHEZ SAMINION,

                Plaintiff,      Decision and order

     - against -            Index No. 9802/2014

581-583 REALTY LLC, 2412 CHURCH LLC, AQUA
PHYSICAL THERAPY P.C. and SAIF U. DIN,
                Defendants,    March 19, 2024
------------------------------------------x
AQUA PHYSICAL THERAPY P.C. and SAIF U. DIN,
                Third-Party Plaintiff,

     -against-

THE CITY OF NEW YORK,
                Third-Party Defendant,
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN      Motion Seq. #19

The plaintiff has moved pursuant to CPLR §2221 seeking to renew a decision and order dated January 16, 2019 denying plaintiff's cross-motion seeking summary judgement. The motion is opposed. Papers were submitted by the parties and arguments held. After reviewing all the arguments this court now makes the following determination.

As recorded in the prior order the plaintiff alleges he sustained injuries when on March 11, 2014, he tripped and fell on a sidewalk in front of premises located at 581-583 Fifth Avenue in Kings County. 581-583 Realty LLC, 2412 Church LLC moved seeking summary judgement on the grounds that as the owner and manager of the property they were not responsible for any defects. That motion was denied. Of relevance, the plaintiff

filed a cross-motion seeking summary judgement that the defendants had prior notice of the alleged defect as a matter of law. That cross-motion was denied on the grounds the cross-motion was filed late and could not be considered. Furthermore, the decision noted that "the question of prior notice in a negligence action is almost always a question of fact which should be determined by a jury" (see, Decision, January 16, 2019 [NYSCEF Doc. No. 48]). Following this determination the note of issue was vacated. On February 18, 2020 the City of New York responded to discovery requests and those responses form the basis of the motion to renew. Those responses contain previously unknown information which the plaintiff now argues conclusively establish the owner had prior notice of the defect. This notice is in the form of a 311 telephone call, an inspection of the location by the City and a violation to the owner of the defect and an acknowledgment of the defect by the owner. The owner opposes the motion arguing the information is not new at all.

### Conclusions of Law

It is true that generally, a motion to renew must contain evidence that existed at the time the original motion was filed but was unknown to the moving party (Brooklyn Welding Corp., v. Chin, 236 AD2d 392, 653 NYS2d 631 [2d Dept., 1997]). However, that rule has been defined as 'flexible' and a party may file a

motion to renew even if the evidence was known at the time of the original motion provided the party offers a reasonable explanation why the additional facts were not included within the original motion (Progressive Northeastern Insurance Company v. Frenkel, 8 AD3d 390, 777 NYS2d 652 [2d Dept., 2004]).

In the prior motion seeking summary judgement the plaintiff possessed the violation issued by the City concerning the sidewalk defect and such violation was referenced within the report of plaintiff's expert Harold Krongelb (see, Affirmation in Support of Cross-Motion [NYSCEF Doc. No. 63]). The plaintiff argues that while that document was its possession more information about notice was only obtained after the motion for summary judgement was filed including records of a 311 call regarding the condition of the property, records created by the City following the inspection and proof the violation was mailed to the defendant.

However, none of that information is non-cumulative evidence that would require the court to alter its previous determination regarding notice. The violation issued by the City, which the plaintiff possessed and used in the motion, is the culmination of all the ancillary information the plaintiff now seeks in support of the motion to renew. Thus, the 311 call prompted the investigation which then led to an inspection and finally the violation. There can be no basis to argue the 311 call and the

3

investigative reports created as a result of that call establish notice where the actual violation was held insufficient to establish such notice. Indeed, the new evidence the plaintiff seeks to introduce cannot be viewed in isolation. The new evidence only provides background information and serve to endorse the subsequent violation issued. Therefore, this evidence does not tend to offer any information not already previously offered. It is well settled that a motion to renew may not be based on cumulative information already submitted (Varela v. Clark, 134 AD3d 925, 21 NYS3d 331 [2d Dept., 2015]). Consequently, substantially the same evidence "with some elaboration and in slightly greater detail" is insufficient to successfully file a motion to renew (Constructamax, Inc. v. Dodge Chamberlin Luzine Weber, Associates Architects, LLP, 157 AD3d 852, 70 NYS3d 521 2d Dept., 2018]).

As noted, the information sought to be introduced does not help to establish conclusive proof of prior notice that is different from evidence already submitted. Therefore, the motion seeking leave to renew is denied.

Concerning any arguments the owner had constructive notice of the defect, such argument is really a motion to reargue the prior determination. A motion to reargue must be based upon the fact the court overlooked or misapprehended fact or law or for some other reason mistakenly arrived at in its earlier decision

4

(Deutsche Bank National Trust Co., v. Russo, 170 AD3d 952, 96 NYS3d 617 [2d Dept., 2019]).  The plaintiff has failed to present any evidence warranting a reconsideration of the earlier determination that there are questions of fact whether the duty to maintain the sidewalk was  "completely transferred to the tenant" and whether the owner had such constructive notice of any work performed by the tenant.

Therefore, the motion seeking, essentially,  to reargue that determination and any other issue of liability is denied.

So ordered.

ENTER:

DATED: March 19, 2024
Brooklyn NY

Hon. Leon Ruchelsman
JSC

[*5]