**Musso v OTR Media Group, Inc.**

2024 NY Slip Op 31218(U)

April 9, 2024

Supreme Court, Kings County

Docket Number: Index No. 523025/2018

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------x
ROBERT J. MUSSO, Chapter 7 Trustee of the
Estate of Ladder 3 Corp.

                         Plaintiff,       Decision and order

           - against -              Index No. 523025/2018

OTR MEDIA GROUP, INC., AHARON NOE
a/k/a ARI NOE, SARAH NOE, ZYSHE NOE,
MOSHE MINZ, C & M CAPITAL GROUP, LLC.,
GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA, UNITED STATES LIFE INSURANCE
COMPANY, INC., THE CITY OF NEW YORK,
GREENFIELD CUSTOM BUILDERS, INC.,
PARK NATIONAL CAPITAL FUNDING, LLC.,
WHOOPI U.S.A., INC., STERLING CATERERS, INC.,
DEAL BUSTER, INC., BLIZZARD COOLING, INC.,
AND OTR330 BRUCKNER, LLC.,

                      Defendants,      April 9, 2024
------------------------------------------x
GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,
                      Plaintiff,

          -against-            Index No. 510481/2021

OTR MEDIA GROUP, INC., AHARON NOE a/k/a ARI
NOE, and ROBERT J. MUSSO, Chapter 7 Trustee of
the Estate of Ladder 3 Corp.

                      Defendant,
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN      Motion Seq. #11 & #12

      The defendants OTR and Noe move seeking to renew and/or

rearque a decision and order dated August 21, 2023 which struck

the answer of the defendants for their failure to engage in

discovery. The plaintiff has opposed the motion. Papers were

submitted by the parties and after reviewing all the arguments

this court now makes the following determination.

As recorded in prior orders, in 2017 the plaintiff obtained a judgement against defendant OTR Media Group Inc., in the amount of $287,500 in a Chapter 7 proceeding in the United States Bankruptcy Court. That judgement was based upon OTR's breach of a stipulation of settlement executed in 2011 regarding breach of contract claims that took place in 2010. This current lawsuit alleges violations of the debtor-creditor law asserting that fraudulent conveyances were made by the individual defendants leaving OTR insolvent.

In a decision and order dated February 6, 2020 the court ordered the defendant to provide discovery requested within 45 days. The plaintiff has moved arguing the defendant has failed to comply with discovery for the ensuing three years. The defendant Aharon Noe has provided an affidavit wherein he states that "I have been waiting for the opportunity to fulfil the discovery demands including attending a deposition by Plaintiff, so I can effectively move for summary judgment" (see, Affidavit of Aharon Noe, ¶ 10 [NYSCEF Doc. No. 141]). However, on September 12, 2019 the plaintiff served discovery demands upon the defendant (see, Plaintiff's First Notice for Discovery and Inspection [NYSCEF Doc. No. 55]). On October 2, 2019 the court issued an order requiring the defendant to respond to the plaintiff's demands within thirty days (NYSCEF Doc. No. 37). A

[* 2]

good faith letter was served and when that yielded no discovery a motion seeking to strike the answer was filed. That motion resulted in the above noted decision which, again, required the defendant to comply with the discovery demands within forty-five days. A second good faith letter was served on July 29, 2020 informing the defendant that no discovery had yet been provided (NYSCEF Doc. No. 87). A second motion to strike the answer for the failure to provide any discovery and a third motion to strike for the failure to provide any discovery were both filed. In an order dated August 23, 2023 the court concluded that the defendants had failed to provide discovery and thus the answer was struck. The defendants now seek to renew and reargue that determination. Essentially, the motion to renew really requests additional time, and one last and final opportunity to engage in discovery. The motion to reargue asserts, likewise, the court should afford the defendants additional time in which to comply with discovery.

## Conclusions of Law

CPLR §2221 allows for "a motion for leave to reargue (which) may be granted on a showing that the court overlooked or misapprehended the facts or the law" (CPLR 2221). Furthermore, CPLR §2221 "allows that a motion for renewal, on the other hand,

3

is appropriate when there are new facts not previously known or offered, or there has been a change or clarification in the law that will affect the court's prior decision" (id). It is true that generally, a motion to renew must contain evidence that existed at the time the original motion was filed but was unknown to the moving party (Brooklyn Welding Corp., v. Chin, 236 AD2d 392, 653 NYS2d 631 [2d Dept., 1997]). However, that rule has been defined as 'flexible' and a party may file a motion to renew even if the evidence was known at the time of the original motion provided the party offers a reasonable explanation why the additional facts were not included within the original motion (Progressive Northeastern Insurance Company v. Frenkel, 8 AD3d 390, 777 NYS2d 652 [2d Dept., 2004]). However, as the court held recently in Wells Fargo Bank N.A., v. Mone, 185 AD3d 626, 127 NYS3d 488 [2d Dept., 2020] "the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion...the court should have denied the plaintiff's motion for leave to renew..." (Id).

In any event, a motion to reargue or to renew are not avenues to give an unsuccessful party the opportunity to reargue points already made and rejected by the court (Ippolito v. Westland S. Shore Mall, LLP, 14 Misc3d 1220(A), 2007 WL 171912

4

[Supreme Court, Suffolk County 2007], citing <u>Williams P. Pahl Equip. Corp. v Kassis</u>, 182 AD2d 22, 588 NYS2d 8 [1st Dept., 1992]). Further, where a party fails to demonstrate that the Court misapprehended any of the relevant facts or misapplied any controlling principle of law, a motion to reargue must be denied <u>Matter of Mattie M. v. Administration for Children's Services</u>, 48 AD3d 392, 851 NYS2d 236 [2d Dept., 2008], <u>McNamara v. Rockland County Patrolmen's Benevolent Association, Inc.</u>, 302 AD2d 435, 754 NYS2d 900 [2d Dept., 2003]).

In this case the defendants have not pointed to any mistake or misapprehension of law or fact that was made by the court. To the extent the defendants argue the court should not have granted any discovery sanction and should have afforded the defendants more time to engage in discovery, no such mistake of law has been presented. The court already rejected the defendants request for additional time. A request to once again consider whether the defendants can be afforded more time is not a proper basis upon which to seek reargument or renewal. Indeed, the most effective method of seeking a denial of any sanction would have been to promptly engage in some discovery thereby confirming such good faith. The defendant's affidavits fail to present any legal or factual basis upon which to grant any reargument or renewal. The failure to engage in any discovery and the failure, on these

5

[*5]

motions, to present any basis for reconsideration in any manner demands a denial of the motions.

Therefore, based on the foregoing, the motions seeking renewal and reargument are denied.

So ordered.

ENTER:

DATED: April 9, 2024
Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

6

[* 6]